341 A.2d 45.

STATE *ex rel.* ROBERT E. RICCI *vs.* ROBERT G. GOTTSCHALK.

JULY 2, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant seeks the return of over 50 items of personal property that were seized by the Providence police pursuant to a warrant that had authorized the search of his dwelling place. The property is listed on the warrant's return, and includes such items as a "Chart," a "Self powered electrical circuit tester," a "Kawneer," a "Piece of Paper," a "Radio receiver and transmitter," a "Length with Empty Spool of Thread," and "Lock picking devices." The property was seized in June 1973. Eleven months later, the defendant appeared in Superior Court where he pleaded nolo to a three-count indictment which charged him with breaking and entering, larceny, and conspiracy. He received a 10-year suspended

sentence on the breaking and entering charge, and deferred sentences on the other two counts.

Following his Superior Court appearance, defendant filed a motion in the District Court seeking the restoration and return of all the items mentioned on the warrant. His motion was denied. He appealed the denial to the Superior Court. His appeal there was unsuccessful. He is now before us.

The single issue in this appeal is under what circumstances property lawfully seized under a search warrant may be returned after the disposition of the related charges. The answer is to be found by an examination of the relevant portions of G. L. 1956 (1969 Reenactment) §12-5-7:[1]

> "12-5-7. Disposition of seized property.—The property seized shall be safely kept by the officer seizing the same under the direction of the court so long as may be necessary for the purpose of being used as evidence in any case.
> "* * *
>
> "If the property seized was stolen or otherwise unlawfully taken from the owner, or is not found to have been unlawfully used or intended for unlawful use, or is found to have been unlawfully used without the knowledge of the owner, it shall be returned to the person legally entitled to its possession."

The defendant concedes that he is not entitled to any of the items listed in the return if they are contraband, or fruits or instruments of a crime, but apparently[2] he claims that none of the property taken by the detectives fits into

---

[1] This statute relates to property which was properly seized by the police. Super. R. Crim. P. 41(g) deals with the return of illegally seized property.

[2] We say "apparently" because although at one point he argues for a total return of the seized goods, at another point in his brief he seeks the return of only those items that do not come within the reach of the relevant statute.

any of those three categories and therefore contends that since the indictments against him is no longer pending, all of the items listed on the return should be returned to him.

Such an argument completely overlooks or misconceives the pertinent language of §12-5-7. The statute makes it clear that property "* * * not found to have been unlawfully used or intended for unlawful use * * * shall be returned to the person legally entitled to its possession." Put another way, a defendant who puts his property to an unlawful use or intends to put it to an unlawful use is barred by the statute from reclaiming the property.

At one point in the Superior Court hearing, defendant conceded that the items taken by the police could be used for "burglary purposes," but he hastened to add that he had no such intent. The defendant portrayed himself as a full-time employee of a machine shop whose part-time occupation was the repair of safes and locks. He also emphasized that the radio transmitter and receiver listed on the return was an empty box that he bought for a dollar at a flea market.

In denying defendant's motion the trial justice made it quite clear that he was not impressed with defendant's assertion that the items taken from his home were devoted to his second job. He found that "much" of defendant's material had been "particularly adapted so that he could further that trade as a break-in artist," and denied the motion to restore.

Once the trial justice found that "much" of the seized property was intended for future breaking and entering escapades, he applied too broad a brush in denying the defendant's motion to return in toto. As noted earlier, some of the items which remain in police custody are a "Length with Empty Spool of Thread," a "Kawneer," a "Piece of Paper," and a "Chart." We cannot make an in-

telligent determination of just how many of the items listed on the return the trial justice actually believed had been or were going to be used to further the defendant's proclivity for breaking and entering into the homes or business places of others. How do the empty thread spool, the piece of paper, and the chart fall within the ambit of §12-5-7? Lastly, we are completely at sea as to the purpose of a "Kawneer." We must remand this case.

The defendant's appeal is sustained, and the case is remanded to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.