373 A.2d 182.

STATE vs. ROBERT G. GOTTSCHALK.

MAY 13, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is the second time we have been asked to review the denial of this defendant's request for return of a number of items of personal property seized pursuant to a search warrant which authorized the search of his dwelling house. *See State ex rel. Ricci* v. *Gottschalk,* 115 R.I. 90, 341 A.2d 45 (1975).

The property was seized pursuant to the concededly valid search warrant, and defendant later pleaded nolo contendere in Superior Court to a three-count indictment charging him with breaking and entering, larceny and conspiracy. Subsequently, defendant filed a motion in Dis-

trict Court seeking return of the property. This motion was denied as was his appeal to the Superior Court. On appeal to the Supreme Court, we remanded the case to the Superior Court for further factfinding because the trial justice had only found that "much" of the seized property was intended for future breaking and entering. We ruled that this was too broad a finding and remanded the case for a determination as to just how many of the items seized were unlawfully used or intended for unlawful use. *State ex rel. Ricci* v. *Gottschalk, supra* at 92-93, 341 A.2d at 46. This determination was made on remand and several of the items were returned. However, defendant has again appealed claiming that all of the items should have been returned.

The single issue in this appeal is the same as it was in the first appeal, namely, under what circumstances property seized pursuant to a valid search warrant must be returned after disposition of any related charges. General Laws 1956 (1969 Reenactment) §12-5-7, which provides for disposition of seized property, reads in pertinent part as follows:

> "Disposition of seized property.—The property seized shall be safely kept by the officer seizing the same under the direction of the court so long as may be necessary for the purpose of being used as evidence in any case.
>
> "* * *
>
> "If the property seized was stolen or otherwise unlawfully taken from the owner, or is not found to have been unlawfully used or intended for unlawful use, or is found to have been unlawfully used without the knowledge of the owner, it shall be returned to the person legally entitled to its posession."

The trial justice found that all the items which were not stipulated as being "honest tools" and returned to defendant, were intended for unlawful use, to wit, breaking and entering therefore not returnable under the terms of

§12-5-7. The defendant disputes this, mainly on the grounds that the uncontroverted evidence presented at the Superior Court hearing showed that the property was not intended for unlawful use. In addition, he makes some arguments to the effect that keeping his property would be a denial of due process by way of forfeiture.

As to the latter of these arguments, defendant seems to be saying that he is being deprived of due process because the state failed to porduce any evidence which would support the judgment of the trial justice in Superior Court and not that the hearing procedure itself violated due process. If so, this is nothing more than saying that the state failed to sustain its burden of proof that the seized items were intended for unlawful use. *See United States* v. *Wilson,* 540 F.2d 1100 (D.C. Cir. 1976). Therefore, it is apparent that the only real issue in this case is whether the trial justice could have found, from the evidence before him, that the state sustained its burden of showing that the items seized were intended for unlawful use.

The evidence presented to the trial justice consisted of the items seized and the testimony of defendant. After admitting that all the items in custody *could* be used as burglar tools, defendant stated that none of them had been so used and that it was not his intention to so use them in the future. The defendant's argument is that since this testimony was not contradicted, the only finding the trial justice could have made was that the state did not sustain its burden of showing that the property was not intended for unlawful use. He says it was mere speculation on the part of the trial justice to conclude that, notwithstanding defendant's testimony, the property was intended for unlawful purposes. Therefore, citing *Noel* v. *Berard,* 57 R.I. 463, 466, 190 A. 686, 687 (1937), he concludes that the trial justice's decision was unsupportable. We disagree.

The trial justice considered the background of defendant, particularly his criminal record and proclivities and expertise with locks, and found that his intent was to use the property "for nefarious rather than legitimate purposes." In doing so, he specifically rejected defendant's testimony as being inherently improbable because of defendant's criminal record and his status as an interested party. This is precisely the way a trial justice should review evidence, accepting that which is credible and rejecting that which is not.

> "[P]ositive uncontroverted testimony may be rejected if it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances, tend to contradict it. * * * Such testimony may also be disregarded if it lacks credence or is unworthy of belief * * * especially if the testimony is that of a party to the litigation or of an interested witness. * * * Rejection on credibility grounds may not, however, be arbitrary or capricious, nor may it '* * * be left to the whim of a trier of fact.' * * * Moreover, a trier of fact who disregards a witness's positive testimony because in his judgment it lacks credibility should clearly state, even though briefly, the reasons which underlie his rejection." *Laganiere* v. *Bonte Spinning Co.*, 103 R.I. 191, 194-95, 236 A.2d 256, 258 (1967). (Citations omitted).

It was apparent from the record that although he was described as a "likeable fellow", the defendant's credibility was suspect. It was not disputed that all of the seized items could be used for unlawful purposes. Thus the trial justice could well have concluded from all the circumstances, in spite of the defendant's testimony to the contrary, that the defendant intended to use the seized property for unlawful purposes. Therefore, in accordance with §12-5-7, the trial justice refused to return the porperty and we see no error in this ruling.

The defendant's appeal is denied and dismissed, the judgment appealed from is sustained and the case is remanded to the Superior Court.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plainitff.

*Aram K. Berberian,* for defendant.