STATE

v.

**Ralph DeMASI.**

No. 81-324-C.A.

Supreme Court of Rhode Island.

March 24, 1982.

Dennis J. Roberts II, Atty. Gen., Anthony F. Del Bonis, Sp. Asst. Atty. Gen., for plaintiff.

Griffin & Higgins, Kirk Y. Griffin, Boston, Mass., John Tramonti, Jr., Providence, for defendant.

ORDER

This case came before us on March 3, 1982, on the defendant's appeal from denial

of his motion for return of property, brought pursuant to G.L.1956 (1981 Reenactment) § 12–17–6.

The property was seized by state police officers pursuant to the execution of a search warrant at defendant's residence on August 25, 1975. Subsequently, defendant and five codefendants were indicted on various property offenses. In addition, defendant and two other codefendants were indicted on various conspiracy, property, and possession offenses. On May 9, 1979, defendant pleaded nolo contendere to the charges and was sentenced. By March 17, 1980, the companion cases of the codefendants had been disposed of in the lower court. No appeal has been taken from any of the actions.

At the May 15, 1981, hearing on defendant's motion, the state asserted a right to retain the items seized, claiming that such items might have future evidentiary value in any applications for post-conviction relief. Finding that the items might have such potential evidentiary use, the trial justice denied defendant's motion.

After consideration of the oral arguments and the briefs filed by the parties, we are of the opinion that the trial justice improperly denied the motion. A finding that some of the property might have possible evidentiary value did not justify retention of other property having no such use. *Cf. State ex rel. Ricci v. Gottschalk*, 115 R.I. 90, 341 A.2d 45 (1975) (a finding that "much" of seized property was intended for unlawful use did not authorize denial of defendant's motion for return in toto). Moreover, the seized property of potential evidentiary value has been held longer than necessary for use in future proceedings. *See* G.L.1956 (1981 Reenactment) § 12–5–7. Therefore, the defendant is entitled to a return of all seized property belonging to him; provided that it is non-contraband, not subject to forfeiture, not stolen or otherwise unlawfully taken from the owner, and not found to have been unlawfully used or intended for unlawful use. *See id.*

Accordingly, we remand the case to the Superior Court justice with our order to return and release any and all of the aforementioned property to the defendant and, if possible, to duplicate or otherwise preserve all such property of potential evidentiary value.