EBENEZER L. CHAPMAN & another *vs.* JOHN COLE.

The owner of a gold coin issued by a private individual, of the value of ten dollars, and current as such in some parts of the country, and passed away by mistake for half a dollar, and then by the receiver to a third person for the same amount, may, after demand, and tender of half a dollar, maintain an action against the last person for its value.

ACTION OF TORT for the conversion of a gold coin. The parties submitted the case to the decision of the court upon the following statement of facts :

The coin, which was a ten dollar gold piece, known as California money of " Moffat's issue," and not United States issue, was passed by mistake for a half ·dollar by one of the plaintiffs to S. A. Furbush, and by Furbush, under a like mistake, to the defendant, who received it as such, and took it without any knowledge of any previous transaction concerning it between Furbush and the plaintiffs ; but during the same evening the defendant had reason to believe that the coin was a California ten dollar gold piece.

One of the plaintiffs afterwards demanded the coin of the defendant, claiming it as their property, and tendered half a dollar therefor, and the defendant refused to deliver it, admitting at the same time that it was in his possession. Similar pieces, called " Moffat's issue," pass as currency in California, and are worth ten dollars.

If this action can be maintained, the plaintiffs are to have judgment for the sum of ten dollars as damages ; otherwise judgment is to be entered for the defendant.

*O P. Lord,* for the plaintiffs.

*T. Wright,* for the defendant. Furbush, by the delivery of the coin to him from one of the plaintiffs, acquired every appearance of ownership, and held the coin, while he did hold it, by a voidable but not a void title ; and the right of reclaiming it could only be enforced by the plaintiffs while it remained in his hands, or in the hands of one receiving it from him with knowledge of his title. The mistake was as to the value, not the identity, of

the coin. Cole, without notice, having given a valuable consid-eration, took from Furbush a good title not defeasible, and can hold the coin against the plaintiffs. Story on Sales, §§ 200–202. 2 Kent Com. (6th ed.) 497. *Buffington* v. *Gerrish*, 15 Mass. 156. *Hoffman* v. *Noble*, 6 Met. 73. *Somes* v. *Brewer*, 2 Pick. 199. *Rowley* v. *Bigelow*, 12 Pick. 312. *Hussey* v. *Thornton*, 4 Mass. 407. *Thurston* v. *Blanchard*, 22 Pick. 20. *Parker* v. *Patrick*, 5 T. R. 175. The consideration paid by Cole was a valuable one; it was not necessary that it should be adequate. 1 Parsons on Con. 361. *Hubbard* v. *Coolidge*, 1 Met. 93.

METCALF, J. The property in the gold piece never passed from the plaintiffs to Furbush; the possession thereof having passed from them to him by mistake. The plaintiffs intended to pay to him fifty cents in money, and he intended to receive from them that sum in money; and both parties supposed that what they intended to do had been done. By a mistake of both parties, a chattel worth ten dollars, but supposed to be half a dollar in money, was delivered by the plaintiffs, and received by Furbush, as half a dollar, in payment of that sum. There was a mistake as to the identity of the subject of the agreement; and in such case there is no assent of the parties, and no bind-ing transaction.

As Furbush acquired no property in the gold piece, he could convey none to the defendant. The plaintiffs may therefore well maintain an action, in this form, against the defendant. The defendant, by receiving the plaintiffs' gold piece of Fur-bush, and claiming it as his own, was guilty of a conversion of it, and the present action might have been maintained without a previous demand on him for it. *Stanley* v. *Gaylord*, 1 Cush. 536. And if this were not so, yet as a demand was made on him for it, and he refused to deliver it, when it was in his power forthwith to do so, there is sufficient evidence of conver-sion, in the absence of any fact tending to rebut or control that evidence.

If the gold piece had been an eagle of American money, passed by mistake for a half dollar piece to Furbush, and by him to the defendant, we do not suppose that this action could

have been maintained. The plaintiffs' remedy would have been against Furbush, in an action of contract for $9.50 money had and received. See *Bretton* v. *Barnet*, Owen, 86. " It would be mischievous," says Chief Justice Parker, " to require of persons, who receive money in the way of business, or in payment of debts, to look into the authority of him from whom they receive it." *Mason* v. *Waite*, 17 Mass. 563. Even when money is stolen, and is passed by the thief, it becomes the property of him to whom it is passed for a valuable consideration, and without knowledge that it was stolen. *Miller* v. *Race*, 1 Bur. 452. It is otherwise when stolen chattels are sold to an honest buyer. He acquires no title to them, and is liable to the owner in an action of tort. *Dame* v. *Baldwin*, 8 Mass. 518. 2 Bl. Com. 449. As this gold piece was not money, the rules of law which apply to other chattels must be applied to it.

*Judgment for the plaintiffs*