UNITED STATES of America, Plaintiff,

v.

**Raymond V. PROCA, Defendant.**

**No. CR–77–351 SAW.**

United States District Court,
N. D. California.

April 9, 1982.

**1344**

Raymond V. Proca, in pro. per.

ORDER

WEIGEL, District Judge.

Petitioner Raymond V. Proca was convicted in this Court of thirteen counts of the use of mails to distribute obscene matter (18 U.S.C. § 1461). The conviction was affirmed, 578 F.2d 1386 (9th Cir. 1978), and certiorari denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978). Petitioner also moved, pursuant to 28 U.S.C. § 2255, to vacate his sentence. The Court's denial of that motion was affirmed, 633 F.2d 223 (9th Cir. 1980), and again, certiorari was denied, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981), rehearing denied, 450 U.S. 960, 101 S.Ct. 1423, 67 L.Ed.2d 387 (1981). Petitioner once again is before the Court. He moves (1) for copies of brochures referred to in the indictment, (2) for copies of personal complaints filed with the Postal Service, (3) for recovery of seized property, or alternatively, for damages if the seized property has been destroyed, and (4) for recovery of monies expended for bail.

Petitioner's first two requests are based on his assertion that the brochures and complaints are necessary to help formulate his request for return of seized property. The government has complied with petitioner's request for copies of the brochures. Copies of the personal complaints could not be found in the government's files, and thus, could not be provided.

Petitioner's third request, for return of seized property, is based upon the argument (1) that the property was seized in violation of the Fourth Amendment and (2) that even if the property was lawfully seized, continued retention of the property after conclusion of criminal proceedings violates the right to due process. The Court has already ruled, on August 18, 1977, that petitioner's Fourth Amendment rights were not violated. Reporter's Transcript of Proceedings of August 18, 1977, *United States v. Proca*, CR No. 77–0351 SAW (N.D.Cal. filed August 25, 1977). The property within the government's possession—items used by petitioner to conduct the unlawful enterprise for which he was convicted—clearly falls within the scope of the warrant.

The second basis for petitioner's request—that continued retention of seized property violates the right of due process—also fails. As a general rule, property seized for use as evidence should be returned once the criminal proceeding is concluded. *E.g., United States v. Premises Known As 608 Taylor Avenue*, 584 F.2d 1297 (3d Cir. 1978). *See United States v. Palmer*, 565 F.2d 1063, 1064 (9th Cir. 1977). Continued retention of such property *may* violate the right to due process. *See United States v. Premises Known As 608 Taylor Avenue, supra; United States v. Smith*, 497 F.Supp. 459 (N.D.Iowa 1980). However, courts may properly refuse to return such property, when (1) it is contraband, (2) it is forfeitable pursuant to statute, (3) it is stolen, or (4) the evidentiary utility of the property has not been exhausted. *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir.1979). *See United States v. Palmer, supra* at 1064 n.1.

In this action, the government contends that the evidentiary utility of the seized property has not been exhausted because it is still needed for prosecution of another criminal matter, *State of Florida v. Raymond Vincent Proca and Jeffrey Andrew Sams*, CR. No. 77–33961 (Fla. filed 1977). Therefore, to protect petitioner's due process rights, the Court must balance his interest in having the property returned against the government's interest in using the seized property as evidence. *See Unit-*

ed States v. Premises Known As 608 Taylor Avenue, 584 F.2d 1297, 1304 (3d Cir. 1978). Petitioner's interest is minimal. The retained property was used by petitioner as "instrumentalities" of the crime for which he was convicted. In contrast, the government's interest is legitimate; the retained property is essential to the prosecution of another action.

Petitioner requests alternatively that the Court award him damages if the seized property has been destroyed. The Court's ancillary jurisdiction to decide postconviction motions does not extend to claims for damages for seized property which has been destroyed. See United States v. Totaro, 472 F.Supp. 726, 729–30 (D.Md.1979); Mayo v. United States, 425 F.Supp. 119, 122–23 (E.D.Ill.1977). Thus, petitioner's third request must fail.

Finally, petitioner's request for return of monies expended for bail is baseless. Petitioner argues that use of a civil complaint filed pursuant to 39 U.S.C. §§ 3010 and 3011 cannot support a criminal action under 18 U.S.C. § 1461, that his indictment was improper, and that therefore, he should not have had to pay bail. Petitioner's premise has been rejected by the Ninth Circuit. See Memorandum at 2, Raymond Vincent Proca v. United States, 633 F.2d 223 (9th Cir. 1980). Accordingly,

IT IS HEREBY ORDERED that petitioner's motions are denied.