COMMONWEALTH vs. ANGELO SACCO.

Middlesex.   October 5, 1987. — December 9, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Personal Property,* Property seized at time of arrest. *Arrest. Jurisdiction,* Claim against Commonwealth, Property seized at time of arrest. *Practice, Criminal,* Property seized at time of arrest.

The Commonwealth has the right to appeal from an order granting a motion under Rule 61 of the Superior Court for return of property seized by governmental officers. [206]

Where a criminal defendant moved under Rule 61 of the Superior Court (1980) for the return of his property, money, after its seizure by the police had been determined by a judge to be unlawful, and where no other person had any reasonable claim to the property, the judge was to enter an order that the responsible governmental entity, which had lost the seized property, pay the defendant an equivalent sum of money. [206-209]

INDICTMENT found and returned in the Superior Court Department on May 11, 1985.

A motion for the return of property seized from the defendant was heard by *Hiller B. Zobel,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

*Anthony M. Fredella* for the defendant, submitted a brief.

WILKINS, J. On February 8, 1985, Somerville police officers made a warrantless arrest of the defendant, Sacco. They seized several items of property, including cocaine and $2,000 in one-hundred dollar bills. A grand jury indicted Sacco for possession of cocaine with intent to distribute. In September, 1985, a Superior Court judge allowed Sacco's motion to suppress all the evidence seized on February 8 and, thereupon, allowed the Commonwealth's motion to dismiss the indictment.

Sacco moved for the return of his property (excluding the illegal drugs). Some of the property, including a wallet, two personal checks, and an eyeglasses case, had already been returned. A Somerville police officer testified that, within a week of Sacco's arrest, he had inadvertently returned the twenty one-hundred dollar bills to Sacco rolled up in the glasses case. Sacco denied that he had received the $2,000 in his glasses case or otherwise. The police log does not show that Sacco received $2,000 when the other property, including his glasses case, was returned to him.

The judge disbelieved the government's evidence that the police had returned $2,000 to Sacco at the Somerville police station. He ruled that the Commonwealth had failed to meet its burden of persuasion and allowed Sacco's motion for return of his property. No specific order was entered beyond the allowance of the motion. Sacco's motion asked for an order that his property be returned "to him by the Commonwealth and/or the Somerville Police Department and/or any person or entity to whom said property may have been transferred." As will be seen, this language lacks sufficient precision as to who must pay $2,000 to Sacco. We conclude, however, that the judge properly may issue an order concerning the payment of $2,000 to Sacco.

The Commonwealth has appealed, arguing that the judge lacked jurisdiction to order the Commonwealth to pay damages to Sacco as compensation for the loss of his property. The Commonwealth recognizes that, if a police officer or another representative of the Commonwealth has the seized property, a motion under Rule 61 of the Superior Court (as amended 1980) for the return of that property would be an appropriate avenue of relief.[1] Where, however, seized property is missing and cannot be returned, the Commonwealth argues that its owner may not rely on a rule 61 motion and must bring an action

---

[1] Rule 61 provides that "[m]otions for the return of property . . . shall be in writing, shall specifically set forth the facts upon which the motions are based, shall be verified by affidavit, and shall otherwise comply with the requirements of Mass. R. Crim. P. 13 [378 Mass. 842 (1979)]." Rule 61 of the Superior Court (as amended 1980).

against the public employer under G. L. c. 258, the Massachusetts Tort Claims Act.

Sacco argues that we should not decide the question whether the judge's order was lawful because the Commonwealth has no right to appeal from that order. We first discuss the question of the Commonwealth's right to appeal.

1. The Commonwealth's appeal, which we transferred here on our own motion, is proper. Proceedings concerning the disposition of property seized by governmental officers are essentially civil, once all criminal charges to which the seized property related or may have related have been dismissed. They are ancillary to the criminal proceedings. We are not, therefore, dealing here in any real sense with an appeal by the Commonwealth in a criminal proceeding.

The Commonwealth may appeal from an order which is in effect a judgment against it in a civil proceeding. In logic and in fairness the Commonwealth should be entitled to appeal from an order purportedly requiring it to pay public funds to a person who claims the return of money seized by the police. Sacco could have appealed if he had been unsuccessful. See *Commonwealth* v. *Gildea,* 17 Mass. App. Ct. 177, 178 n.1 (1983).[2]

2. We turn then to the question whether in this proceeding the judge may properly order $2,000 to be paid to Sacco. We are concerned here with the authority of a judge to order the Commonwealth to pay Sacco an equivalent amount when the unlawfully seized money is missing. As we noted earlier,

---

[2] We need not, therefore, pass on other theories the Commonwealth advances in support of its right to appeal. General Laws c. 278, § 28E (1986 ed.), authorizes the Commonwealth to appeal from the allowance of "a motion for appropriate relief under the Massachusetts Rules of Criminal Procedure." Although a motion for appropriate relief does not encompass all motions in a criminal proceeding (see *Commonwealth* v. *Yelle,* 390 Mass. 678, 684 [1984]), a motion for the return of property determined to have been unlawfully seized falls within the spirit of the authorization to appeal granted by G. L. c. 278, § 28E. Also, where the claim is, as here, that a lower court acted beyond its jurisdiction, the Commonwealth might well be entitled to our review under our constitutional and statutory (G. L. c. 211, § 3) general superintendence authority.

Rule 61 of the Superior Court (as amended) contemplates the filing of motions for the return of such property.[3]

Rule 41 (e) of the Federal Rules of Criminal Procedure provides for a District Court proceeding concerning the restoration of property on motion of a person aggrieved by an unlawful search and seizure. We have no parallel rule which is as specific as Federal rule 41 (e), but Rule 61 of the Superior Court (as amended) and the purpose behind G. L. c. 276, § 3, indicate that a similar procedure is available in this Commonwealth.

When the missing property has been tangible personal property, some courts have refused to use rule 41 (e) as a means for providing relief. See *United States* v. *Proca,* 535 F. Supp. 1343, 1345 (N.D. Cal. 1982) (ancillary jurisdiction does not extend to damage claims for destroyed property); *Mayo* v. *United States,* 425 F. Supp. 119, 123 (E.D. Ill. 1977) (Federal Tort Claims Act provides adequate remedy at law for destruction of seized printing press). Where the property was money, it has been held that an order of payment is appropriate, even though the funds had been deposited in a government bank account. *United States* v. *Wilson,* 540 F.2d 1100, 1104 (D.C. Cir. 1976) ("It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case"). Cf. *Bitonti* v. *Wayne County Auditors,* 311 Mich. 322, 326 (1945). Courts have treated as a defense the fact that seized money has been returned to the supposed victim of the crime. See *United States* v. *Totaro,* 472 F. Supp. 726, 729 (D. Md. 1979); *Stevens* v. *United States,* 462 A.2d 1137, 1138 (D.C. App. 1983); *State* v. *Bevins,* 446 A.2d 1119, 1119 (Me. 1982). In such cases, there is a question of ownership of the property which may justify requiring a separate civil action rather than deciding rights in an ancillary proceeding.

---

[3] Property seized pursuant to a search warrant must be restored to its owners when it is no longer needed. G. L. c. 276, § 3 (1986 ed.). The same requirement logically applies to property seized without a warrant. Plainly the Legislature intended that some judicial proceeding must be available to facilitate the disposition of seized property.

A recent opinion in the United States Court of Appeals for the Ninth Circuit has taken a practical view of the right of an owner to seek redress under rule 41 (e) for the loss or destruction of property unlawfully seized by the police. *United States* v. *Martinson,* 809 F.2d 1364 (9th Cir. 1987). The court ruled that the government should not be able to deprive a citizen of an equitable remedy by its own conduct in destroying property. *Id.* at 1368. It added that "a separate civil action . . . is inadequate in light of the time and expense involved, particularly where the court considering the motion already has jurisdiction over the matter." *Id.* See *Wilson* v. *United States,* 424 A.2d 130, 132-133 (D.C. App. 1980).[4]

If a defendant moves for the return of property which a judge has already determined in the same proceeding was unlawfully seized, and no third person has any reasonable claim to the property, the judge has the authority to enter any appropriate order concerning the return of the property (or, if it has been lost or destroyed, payment of its fair market value). If, of course, the judge is dealing only with money, no valuation question is involved. A decision on a motion to return unlawfully seized property, in the circumstances we have described, particularly where the same judge hears both motions, provides a fair, prompt, and efficient means of resolving a defendant's claim. The Commonwealth, whose agents seized the property in violation of Sacco's constitutional rights and who cannot now produce that property, is not in a strong position to assert equitable considerations on its own behalf. Where there has been an unconstitutional seizure of property which the Commonwealth then loses or destroys, no considerations of governmental immunity are involved.

We do believe, however, that an order to pay money to a defendant who moves successfully for the return of funds (or

---

[4] The *Martinson* case involved the intentional destruction of the defendant's tangible personal property by the government after the defendant had appealed from the denial of his motion for return of his property. In this respect it presents a somewhat stronger case for assertion of the court's jurisdiction than do the facts of this case, where there is no finding as to how the money disappeared.

for the payment of the fair market value of property) should be more specific than the order in this case. The judge should, if possible, identify the government employer of the person or persons responsible for the loss or destruction of the defendant's property, and should order that payment be made from the funds of that government employer and any identifiable wrong-doing employee or employees. In this case, the Somerville police were responsible for the property. The person or persons within the police department who were responsible for its loss perhaps cannot be identified. An order in the nature of a judgment should be entered directing the city of Somerville (and, if identified, the person or persons responsible) to pay Sacco $2,000 plus interest from the date of the allowance of the motion. Somerville must satisfy the judgment even if no funds appropriated for the purpose are available. See G. L. c. 44, § 31 (1986 ed.). A specific order against the city, rather than against the Commonwealth, will tend to encourage responsible custodial practices and supervision by those directly involved in the possession of property seized by the local police.[5]

3. We remand the case for further proceedings.

*So ordered.*

---

[5] We accept the district attorney's office as an appropriate representative of the interests of the city in this case. See *Wilson* v. *United States,* 424 A.2d 130, 133-134 (D.C. App. 1980). In such proceedings, the interested governmental unit and any person against whom an order might be entered should be permitted to participate in the ancillary proceeding upon filing a timely motion to intervene.