### UNITED STATES of America
### v.
### Michael L. BRANT.

Nos. Cr–86–58–01–S, Cr–86–160–01–G to Cr–86–164–01–G and Cr–86–185–01–G.

United States District Court, M.D. North Carolina, Greensboro Division.

March 14, 1988.

Douglas Cannon and Richard L. Robertson, Asst. U.S. Attys., Greensboro, N.C., for U.S.

Michael L. Brant, pro se.

## MEMORANDUM OPINION
## AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on Motion to Reconsider Ex Parte Petition to Direct Clerk of the United States District Court to Return Defendant's Property (Oc-

tober 15, 1987) by defendant Michael L. Brant. Defendant's motion requests the return of certain property or in the alternative *damages* for the wrongful forfeiture and destruction of the property. Defendant's motion is connected to the above captioned criminal cases in which defendant pled guilty to various counts of interstate transportation of counterfeit securities in violation of 18 U.S.C. § 2314. The government contends that the Court lacks subject matter jurisdiction over defendant's motion. The Court finds that the present record is insufficient to enable it to determine whether ancillary jurisdiction exists over defendant's motion. Therefore, the Court will reserve ruling thereon in order to give the parties an opportunity to supplement the record.

## FACTS

The Goldsboro Police seized the property in question from the defendant at the time of his arrest in March of 1986. The relevant property consisted of an attache case, items therein, and other items located in defendant's car.[1] The property was turned over to the Federal Bureau of Investigation on August 28, 1986. On October 17, 1986, defendant was convicted on his pleas of guilty and sentenced to four years in each case to run concurrently and ordered to pay restitution totalling $24,861.87.

After disposition of his criminal case, defendant sought return of his property. Specifically, defendant sought return by letter to the Clerk of Court in July 1987. Subsequently, defendant filed a motion for return of property with this Court on September 8, 1987. In response, the government stated that it destroyed defendant's property in February of 1987 before defendant requested its return. (Response to Ex Parte Petition to Direct Clerk of the

United States District Court to Return Defendant's Property at 2 [Sept. 30, 1987]). Based on this representation, the Court denied defendant's original motion for return as moot. *See* (Order herein dated October 6, 1987). Thereafter, defendant filed the instant motion for reconsideration seeking return or in the alternative damages.[2]

## DISCUSSION

In discussing defendant's motion, the Court will first address his substantive rights respecting return of seized property and then look at the issue of whether the Court has jurisdiction to provide a remedy in this proceeding.

### I. *Substantive Considerations*

"The general rule is that seized property *other than contraband,* should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978), *quoted in United States v. Farrell,* 606 F.2d 1341, 1343 (D.C.Cir.1979) (emphasis added). *See also United States v. Wright,* 610 F.2d 930, 935 (D.C.Cir.1979). "The property of [an] accused in a criminal case, seized by officers and used as evidence, generally will be returned to him on proper application, and property taken under a search warrant is generally returned to its rightful owner when no longer needed in aid of a criminal prosecution if its ownership is undisputed." 79 C.J.S. *Searches and Seizures* § 114 (1952).[3] The owner of objects, which have been used in an illegal manner or as the instrumentality of a crime but which are not inherently unlawful, does not automatically lose all of his interest in such proper-

---

**1.** The items of property in question were not contraband. Additionally, nothing in the record suggests that the items were not owned by the defendant.

**2.** Defendant incorporated into his instant motion the prayer for relief in his pleading entitled "Michael L. Brant's Reply to Government's Response to Ex Parte Petition to District Clerk of the United States District Court to Return De-

fendant's Property" (Oct. 13, 1987). In the October 13, 1987 pleading, defendant sought damages to compensate him for the destruction of his property.

**3.** "The taking or seizure of an article from an arrested person does not change his property interest therein." 6A C.J.S. *Arrest* § 72, at 169 (1975).

ty. *Davis v. Fowler,* 504 F.Supp. 502, 505 (D.Md.1980).

■ As summarized by the District of Columbia Circuit, a defendant, who is the rightful owner of seized property, may be refused its return in the following instances:

(1) the property involved is contraband; (2) the property involved is forfeit pursuant to statute, or (3) the property involved is subject to government retention pending termination of the trial.

*United States v. Farrell,* 606 F.2d at 1347. Of the three bases for retention of property listed above, only the second is potentially germane to the case at bar.

■ Proceedings "for the forfeiture of property are essentially statutory proceedings, and they cannot be maintained unless authorized by an applicable statute." *United States v. Lane Motor Co.,* 199 F.2d 495, 496–97 (10th Cir.1952), *aff'd,* 344 U.S. 630, 73 S.Ct. 459, 97 L.Ed. 622 (1953). If the government seeks to forfeit property, proper proceedings must be instituted. *United States v. Wilson,* 540 F.2d 1100, 1104 (D.C.Cir.1976). "It is fundamental that due process requires that a property interest not be divested finally without some kind of a hearing." *Davis v. Fowler,* 504 F.Supp. at 506. In the instant case, the government's admissions establish that it has asserted no substantive basis for forfeiture and instituted no forfeiture proceedings with respect to defendant's property. Therefore in light of the above principles, the government has disregarded its obligation to return defendant's property and deprived him of due process.[4]

---

4. Although the government acted under an apparent misapprehension of the law, the Court ascribes no intentional bad faith to its actions.

5. Rule 41(e) permits a district court to return property which is *il*legally seized. However, cases such as the one at bar do not involve questions related to the legality of the *original seizure* but relate to the government's obligation to return property, even though lawfully seized, once its legitimate reasons for retention have terminated. Courts have "recognized an independent cause of action for return of property based on the general equitable jurisdiction of

## II. *Jurisdiction*

■ Having addressed the substantive aspect of defendant's right to return of his seized property, the Court observes that the question arises as to the appropriate remedial forum to assert such rights. A federal district court in a criminal case "has both the jurisdiction and the duty to ensure the return" to a defendant of "that property seized from him in the investigation but which is not ... stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *United States v. Wilson,* 540 F.2d at 1101. *See also United States v. Palmer,* 565 F.2d 1063, 1064 (9th Cir.1977) (indicating that a district court has jurisdiction over a defendant's post-conviction motion for return of his property); *United States v. Wright,* 610 F.2d at 934–35 (following *Wilson*). *See also United States v. Frank,* 763 F.2d 551, 552–53 (3d Cir.1985) (court has inherent power to order return of evidence). Moreover, the source of a district court's power to effect the return of seized property lies in its ancillary jurisdiction.[5] *United States v. Wilson,* 540 F.2d at 1103; *United States v. Ortega,* 450 F.Supp. 211, 212 (S.D.N.Y.1978); *United States v. Totaro,* 468 F.Supp. 1045, 1047–49 (D.Md.1979) [hereinafter *Totaro I*].

If a defendant seeks damages for seized property which the government has wrongfully destroyed, then the ancillary jurisdiction issue is more complex than described above. Several cases indicate "that damages are unavailable in a proceeding based on a motion for return of property." *United States v. Martinson,* 809 F.2d 1364, 1368 (9th Cir.1987). For example, in *United States v. Totaro,* the court held that "its

the federal courts." *Mr. Lucky Messenger Service, Inc. v. United States,* 587 F.2d 15, 16 (7th Cir.1978). When property is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or the government has abandoned its investigation, the burden of proof is on the government. *United States v. Martinson,* 809 F.2d at 1369. "The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. *Id.*

ancillary jurisdiction to decide post conviction motions for return of seized property does not extend to claims for damages for seized property no longer in the possession of the Government." 472 F.Supp. 726, 730 (D.Md.1979) [hereinafter *Totaro II*]. *See also United States v. Proca*, 535 F.Supp. 1343, 1345 (N.D.Cal.1982) (following *Totaro II*), *aff'd mem.*, 735 F.2d 1374 (9th Cir.1984). Both *Totaro II* and *Proca* relied on *Mayo v. United States*, 425 F.Supp. 119 (E.D.Ill.1977). *Mayo* held that Rule 41(e) will not support a claim for money damages for illegally seized and destroyed property. *Id.* at 122.

On the other hand, at least two courts have allowed a claim for damages. The Ninth Circuit, in *United States v. Martinson*, held that once a motion for the return of seized property has been made to a court, the subsequent destruction of the property does not defeat jurisdiction. 809 F.2d at 1368–69. "Once a court of equity has asserted jurisdiction over a motion to return property, it maintains its jurisdiction as long as necessary to provide an adequate remedy to the movant." *Id.* at 1368. In *Martinson*, the government destroyed the defendant's property *after* he had moved the district court for its return and while its ruling was on appeal. Therefore, the Ninth Circuit remanded the case to permit the defendant to amend his motion to request damages. *Id.* at 1370.

In *United States v. Farese*, No. 80 Cr. 63 (MJL), 1987 U.S.Dist. LEXIS 11466, 1987 WESTLAW 28830 (S.D.N.Y. Dec. 15, 1987), the government seized certain of defendant's property pursuant to a criminal investigation. A *nolle prosequi* was entered as to the charges against defendant; at about that time, he moved for return of his property. The government responded to defendant's motion stating that it was having difficulty locating the property, although it later admitted that no record of forfeiture existed. The district court stated: "[O]ne would expect the government to return the seized property or, if it cannot be found, the current value thereof." The court specifically ordered, with respect to property seized from defendant's person, that the government return the same or a sum equaling its fair market value unless it could show that the property was already returned. Additionally, the court ordered compensation for defendant's airline tickets if they had been used by the government.

The Court does not view the *Martinson* and *Farese* cases as inconsistent with the *Totaro II* and *Proca* cases. Both *Martinson* and *Farese* presented additional circumstances which increased the need of the criminal court to protect the integrity of its proceedings. Specifically, in *Martinson* the government destroyed the property *after* defendant's motion for return was filed and *while* it was within the court's jurisdiction. In *Farese*, the government had not destroyed the property, but was dilatory in locating it; thus, the court ordered its return or compensation.

 The Court recognizes that ancillary jurisdiction is not always a well defined, rigid concept. Therefore, the Court believes that *Totaro II* and *Proca* correctly state the rule that claims for damages *generally* are not within the ancillary jurisdiction of a criminal proceeding upon a motion for return of seized property. However, *Martinson* and *Farese* represent legitimate exceptions based upon facts which heighten the need of a criminal court to protect the integrity of its proceedings.[6]

---

**6.** The Court believes its view of the law is in accord with the general principles governing ancillary jurisdiction in criminal proceedings as articulated in *Morrow v. District of Columbia*, 417 F.2d 728 (D.C.Cir.1969). The *Morrow* court stated:

> To effectuate these purposes, and yet confine a court to proper bounds consistent with the past use of ancillary jurisdiction as discussed above, we believe that, in a situation such as the one before us, ancillary jurisdiction should attach where: (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposi-

In light of the above described principles, the Court finds that no evidentiary record exists by which it can determine whether it has ancillary jurisdiction over the pending motion. Therefore, the Court will reserve ruling and direct the parties to submit evidence, by affidavit, pertinent to the jurisdictional issue. Specifically, the government should submit a particularized account of when and what happened to defendant's property within sixty (60) days.

The Court additionally notes that a substantial expenditure of executive and judicial resources has already been made in this matter—a matter in which the government's own admissions demonstrate that the defendant has been unlawfully denied the return of his property in violation of his due process rights. In view of this fact, the Court believes that the government should take the initiative to resolve this matter administratively and expeditiously and without the need for further expenditure of judicial resources. The government should either return the property in question or compensate defendant with the fair market value thereof.[7] To that end, the Court will reserve ruling for sixty (60) days.

The Court will THEREFORE, RESERVE ruling on defendant's Motion to Reconsider Ex Parte Petition to Direct Clerk of the United States District Court to Return Defendant's Property.

Additionally, IT IS ORDERED that the parties supplement the record in accordance with this Opinion within sixty (60) days of the docketing of this Order.

tion in the main proceeding will not be frustrated.

*Id.* at 740. The Court notes that the fourth factor is magnified in cases which present facts similar to those in *Martinson* and *Farese.*

7. The Court notes that if defendant ultimately receives compensation for his property, such compensation might be subject to his restitution obligation.