NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1285

IN THE MATTER OF A GRAND JURY INVESTIGATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2021, a Superior Court judge issued a search warrant which authorized the State police officials assigned to the Office of the Attorney General to freeze two bank accounts.  The judge determined, based on information contained in an affidavit, that there was probable cause to believe that the funds contained in these accounts constituted evidence of a variety of crimes.  In 2023, after an unsuccessful civil suit,[1] the account holder moved for leave to intervene in an ongoing grand jury investigation of the matter.  The account holder also

---

[1] In 2022, the account holder commenced a civil action in Superior Court against the Commonwealth and the Attorney General, the gravamen of which was to seek the release of the frozen bank accounts.  After the denial of the account holder's request for a preliminary injunction, the matter was ultimately dismissed for failure to state a claim.  The account holder did not notice an appeal from that dismissal, and that matter is not before us.

filed a motion for return of property.  After a hearing, a
Superior Court judge denied the verified motion for leave to
intervene and did not address the motion for return of property.[2]
The judge also denied a subsequent motion for reconsideration.
The account holder appeals from the denial of both the motions
for leave to intervene and for reconsideration.[3]  We affirm.

Here, the judge held that the account holder's request to
intervene was neither supported by case law nor statutory
authority.  He further noted that it was premature to even test
the validity of the underlying search warrant.  At bottom, the
judge denied the motion "based solely" on the account holder's
lack of standing.

The Attorney General maintains that this is an
impermissible interlocutory appeal.  The argument is not without
weight in that, in the event of an indictment, as the judge
noted, the validity of the search warrant may be tested.  That

---

[2] As the judge took no action on the motion for return of
property, there is no appealable order before us on that motion.

[3] In his motion to intervene, in addition to seeking the
return of the seized funds, the account holder sought an order
requiring the Commonwealth to release to his attorney, under an
appropriate protective order, all documentation filed with the
court by the Commonwealth in connection with the search warrant,
and an order requiring the Commonwealth to provide the account
holder with "a full accounting of their doings with respect to
the property seized from [the account holder]."  At oral
argument, the account holder waived these additional requests
for relief.

time has yet to arrive.[4]  See Maddocks v. Ricker, 403 Mass. 592, 597 (1988) ("there is no right to appeal from an interlocutory order unless a statute or rule authorizes it").  The account holder points us in the direction of Mass. R. Civ. P. 24 (a), 365 Mass. 769 (1974), which permits an interlocutory appeal of a denied motion to intervene.  Reznik v. Garaffo, 466 Mass. 1034, 1035 (2013); Holland Brands SB, LLC v. Bd. of Appeals of Boston, 103 Mass. App. Ct. 740, 743 (2024).

The Attorney General contends that this argument is waived because the account holder's reliance on rule 24 (a) did not appear until it was raised in the motion to reconsider.  See Commonwealth v Gilday, 409 Mass. 45, 46 n.3 (1991).  However, we need not resolve the waiver issue because Mass. R. Civ. P. 24 (a) does not apply outside the realm of civil litigation, which this is not.  Rather, grand jury proceedings are governed by Mass. R. Crim. P. 5, as appearing in 442 Mass. 1505 (2004). Rule 5 provides no mechanism for a putative target of a grand jury investigation to intervene in that investigation, and the account holder does not claim otherwise.  In this sense, even if the appeal is not interlocutory, the account holder lacks

---

[4] Another way to view the matter is through the lens of ripeness.  See Commonwealth v. Hallinan, 491 Mass. 730, 751 (2023) (appellate court "will not review [a] matter until the entire case is ripe for review due to the burdensome nature of piecemeal appellate review" [quotation and citation omitted]).

3

standing or a mechanism to seek intervention.  Indeed, the Supreme Judicial Court has recognized that "intervention" is a "concept foreign to criminal procedure."  Republican Co. v. Appeals Court, 442 Mass. 218, 227 n.14 (2004).

Finally, the account holder makes a facial and an as-applied constitutional challenge to G. L. c. 276, § 3.  Although it does not appear that a single sentence in the motion to intervene, which claimed that the statute was unconstitutional, properly raises the claims he now makes on appeal, we need not resolve the question of waiver because the judge did not rely on G. L. c. 276, § 3, as basis for his decision.  We sometimes have discretion to review claims raised for the first time on appeal, see Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1967), but such claims usually relate to a judge's reasoning and justification for the resolution of the matter that was before the court.  Here, the judge denied the motion to intervene solely on the basis of standing, and nothing was justified or based on G. L. c. 276, § 3.

We further note that G. L. c. 276, § 3, which authorizes the Commonwealth to retain funds seized pursuant to a search warrant, also authorizes the return of property when that property is no longer needed as evidence and where it is not subject to forfeiture.  See Commonwealth v. James, 493 Mass. 828, 833 (2024).  See also Commonwealth v. Sacco, 401 Mass. 204,

4

207 n.3 (1987) ("Property seized pursuant to a search warrant must be restored to its owners when it is no longer needed"). However, that time has yet to come in this case, and a judicial order permitting intervention into the executive's investigative prerogative would raise art. 30 concerns. See art. 30 of the Massachusetts Declaration of Rights ("the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men").

<u>Order denying verified motion for leave to intervene affirmed</u>.

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Meade, Hodgens & Toone, JJ.[5]),

Clerk

Entered: May 5, 2025.

---

[5] The panelists are listed in order of seniority.