SUPERIOR COURT 
 
 IN RE: SEARCH WARRANT

 
 Docket:
 2482SW00010
 
 
 Dates:
 September 8, 2025
 
 
 Present:
 Mark A. Hallal
 
 
 County:
 NORFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON COMMONWEALTH'S MOTION TO RETURN SEIZED PROPERTY[1]
 
 

             The Commonwealth and the victim of the underlying fraudulent transfer, Louis Courtemanche ("Courtemanche"),jointly move for the return of$30,100.00 in cash seized pursuant to a search warrant from an Athena Bitcoin, Inc. ("Athena") automated teller machine ("ATM'' or "Athena ATM") on March 26, 2024. Athena opposes the motion and requests that the Court order the funds be turned over to it, on the grounds that Athena is the rightful owner. For the reasons discussed below, the Commonwealth's and Courtemanche's Motion to Return Seized Property is DENIED, and the money seized is ordered to be turned over to Athena.
BACKGROUND
            On March 21, 2024, Courtemanche went to the Franklin police department and reported that he was the victim of a fraud. Courtemanche informed the police that, on March 20, 2024, an individual claiming to be from the Department of Homeland Security ("DHS") contacted him and accused him of being involved in a money laundering scheme. He explained that the individual purportedly from DHS, informed him that DHS had "seized packages" with his name on them and threatened to arrest him if he did not prove his identity and comply with the
 
--------------------------------------------
 
[1] The Commonwealth is seeking to have $30, I 00.00 returned to the fraud victim, Louis Courtemanche. Courtemanche has filed a brief supporting this position, therefore, the Court considers this filing a joint motion from the Commonwealth and Courtemanche.
 
                                                            -1-
 
instructions he was about to given. This individual then instructed Courtemanche to: (1) remain on the phone the entire time; (2) proceed to his bank and withdraw a total of$30,000.00; (3) withdraw the funds in increments, not all at once; (4) provide the names and locations of bank(s) which he has account(s); (5) proceed to Smiley Gas Station located at 52 East Central Street, Franklin, Massachusetts, where there is a "federal depository"; (6) purchase Bitcoin from an Athena A1M in certain increments, totaling $30,000.00. Courtemanche followed the instructions. He proceeded to his bank, withdrew $30,100.00 in small increments from his account, and then deposited $30,100.00 cash into an Athena A1M, located inside the Smiley Gas Station.[2]
            Upon initiating the transaction at the Athena ATM, Courtemanche was presented with Athena's terms of service, warning him: "DO NOT use this A1M to 'PROTECT YOUR MONEY' from a supposed bank account compromise or under the direction of your bank, FBI, U.S. Marshals, Customs and Border Patrol, Social Security, police or local authorities!!" It went on to state: "DO NOT send Bitcoin to pay for 'fees' or 'taxes' to any government agency or for the receipt of a package!" Additional warnings that were listed and in smaller print stated the following:
"Are you making a large purchase? Several thousand dollars? If you've been asked to insert a large amount STOP and think about what you are doing! Cash inserted into this machine will NOT be held under your name!
All Bitcoin and other purchases are final once you've begun to insert cash.
You accept fall responsibility for any transaction conducted through our ATM . . . By proceeding with the transaction, you understand that Athena Bitcoin Inc. 's sole
 
--------------------------------------------
 
[2] Unlike traditional ATMs---which allow users to withdraw cash, check balances, or deposit funds-a Bitcoin ATM operates independently of bank accounts. To utilize a Bitcoin ATM, such as the one at issue here, individuals insert cash or use a debit card to acquire Bitcoin, which remains entirely digital. Individuals who use these ATMs may sell their cryptocurrency via the ATM and receive cash in return.
 
                                                            -2-
 
responsibility is to deliver that bitcoin or other crypto asset to the address shown to you on the ATM screen.
Below the smaller print, the Athena ATM screen listed a number to call with any questions. Courtemanche agreed to aforementioned terms and proceeded with the transaction. During the transaction process, he was then prompted to input his government-issued photo identification ("ID"), as required by the Customer Identification Protocol for transactions that exceed a certain amount. Courtemanche inserted his government-issued ID into the scanner and entered the Bitcoin wallet address.[3] After he entered the Bitcoin wallet address, and while still displaying the wallet address, the Athena ATM screen listed the following four declarations, each accompanied by a checkbox:
l) I decare that the crypto address shown above was generated by myself in a wallet app or service account that I created for myself.
2) I declare that this address or QR code has NOT been given to me by a friend, family member, government or bank agent, employer, or any other third party.
3) I understand that the cash inserted into this kiosk will not be returned to me under any circumstances, including cases of fraud.
4) I understand that scam artists often trick victims into using Bitcoin ATM and that I can safely STOP here and call Athena Bitcoin at 312-690-4466 or the AARP Fraud Watch helpline at 877-908-3360 (Mon-Fri 7:00 am-11:00 pm) for advice about my situation before making any purchase.
Courtemanche checked each box, agreeing to the above declarations before proceeding.[4] Courtemanche then completed four separate transactions, sending money to the specified Bitcoin
 
--------------------------------------------
 
[3] A Bitcoin wallet address consists of a lengthy sequence of alphanumeric characters that designates the recipient location for cryptocurrency transactions. The Bitcoin wallet itself is a software program or digital application responsible for generating these wallet addresses. Courtemanche entered the following Bitcoin wallet address: bclq528q6s70xjuag3vfajmedjkml39wpglrjk5x52.
[4] At the bottom of the screen, Courtemanche was presented with two "boxes." To proceed, he had to "tap" one of them. The box located at the bottom left comer of the screen stated: "I entered someone else's Bitcoin address because I want to send them Bitcoin." And the box located at the bottom right comer of the screen stated: "This is my personal Bitcoin wallet" Courtemanche tapped the latter box. After confirming it was his personal Bitcoin wallet, he was then able to insert his cash into the Athena ATM.
 
                                                            -3-
 
wallet address. Immediately thereafter, the Bitcoin account balance in the wallet was emptied to zero. The individual who fraudulently induced Courtemanche could not be identified other than by a series of numbers and characters from the Bitcoin address and the two phone numbers that Courtemanche was instructed to call and text.
            On March 21, 2024, Athena's customer service team received a phone call reporting the fraud. On March 22, 2024, the Norfolk County District Attorney applied for a search warrant to seize the cash deposit from the Athena ATM, alleging that the funds were obtained through larceny by false pretenses and constituted evidence in an ongoing criminal investigation. The search warrant was issued on March 22, 2024. When the detectives went to retrieve the funds, the ATM technician was not available to facilitate recovery of the money from the ATM.
            On March 26, 2024, the Franklin police department executed Search Warrant No. 2482SW00010 and seized $30,100.00 in cash from the Athena ATM. The gas station owner, where the Athena ATM is located, informed Detective Leeanne Baker that Athena rents the space and is responsible for maintaining the ATM. The owner also stated that the most recent withdrawal from the Athena ATM took place three days before March 20th, with no transactions recorded on March 20th or 21st.
            Athena and Courtemanche are both claiming rights to the currency in the ATM.
DISCUSSION
            General Laws c. 276, § 3, provides that an officer who seizes property pursuant to a search warrant "shall safely keep" the property as long as necessary so it can be "produced or used as evidence in any trial." See Commonwealth v. Fleury, 489 Mass. 421,429 (2022). "[A]s soon as may be, thereafter," the Commonwealth must return any property that had been stolen,
 
                                                            -4-
 
. embezzled, obtained by false pretenses, or otherwise obtained in the commission of a crime to its rightful owner. G. L. c. 276, § 3. See G. L. c. 276, § 1.
            Here, the Commonwealth has represented that the funds retrieved from the Athena ATM has been logged into evidence and photographs were taken, thus, it is not necessary to retain the funds for the ongoing investigation. See Commonwealth v. Sacco, 401 Mass. 204, 207 n.3 (1987). As a result, the Commonwealth is moving for the cash to be returned to its rightful owner, Courtemanche. G. L. c. 276, § 3. Athena alleges that it is the rightful owner of the seized funds, therefore, the funds should be returned to it.
            To determine ownership, the courts generally look to "one's 'indicia of dominion and control such as possession, title, and financial stake." Commonwealth v. Ten Thousand Twenty- Five Dollars in United States Currency, 2000 Mass. Super. LEXIS 456, at *7 (Mass. Super.), citing Commonwealth v. One 1986 Volkswagen GTJ Auto, 417 Mass. 369, 373 (1994). Where, as here, the property at issue is money, legal title "passes with delivery to a person who acquires it in good faith and for valuable consideration." United States v. $3,000 in Cash, 906 F. Supp. 1061, 1065 (E.D. Va 1995). As the Massachusetts Supreme Judicial Court affirmed, "[e]ven when money is stolen, and is passed by the thief, it becomes the property of him to whom it is passed for a valuable consideration, and without knowledge that it was stolen." Chapman v. Cole. 78 Mass. 141, 143 (1858), citing Miller v. Race, 1 Bur..452.
            Here, Athena received title to the funds Courtemanche deposited into its ATM because it acquired the money in good faith and without knowledge of the fraudulent activity. Athena gave valuable consideration by transferring the Bitcoin to the Bitcoin wallet in exchange for the cash deposited into its ATM, as ordered by Courtemanche. Once Courtemanche clicked to complete the transaction, he received a receipt with the date, transaction identification, Bitcoin address,
 
                                                            -5-
 
exchange rate, cash rendered, and the amount ofBitcoin purchased. Once this exchange had occurred, the Bitcoin was irretrievable by Athena. Therefore, because Athena delivered Bitcoin in the amount equivalent to the cash Courtemanche deposited, Athena is the rightful owner of the funds seized.
            Courtemanche argues that Athena had a heightened duty to protect against fraudulent transactions. As noted above, Athena did provide multiple warnings to Courtemanche who nonetheless, voluntarily checked off boxes confirming that: (1) the crypto address was his own, (2) the address was not given to him by a government or bank agent, (3) the cash would not be returned, including in cases of fraud; and (4) ifhe suspected a scam, he could contact Athena's number or the Fraud Watch helpline for advice before making the purchase.
            Courtemanche also alleges Athena violated Anti-Money Laundering ("AML") rules by not holding or flagging transactions. AML regulations require suspicious activity be reported through Suspicious Activity Reports ("SARs") for transactions of $2,000.00 or more. A SAR must be filed within 30 days of detection and kept confidential, however, it does not mandate holding suspicious transactions because its purpose is simply to notify authorities. Therefore, while some of Courtemanche's transactions exceeded $2,000.00, filing a SAR would not have stopped the transactions from proceeding.
            Finally, Courtemanche asserts that Athena's warnings about fraud on its website render it complicit in the alleged fraudulent activity. However, because Athena neither had knowledge of nor participated in the fraud, it is not considered liable. See Bitcoin Depot Operating, LLC v.
Carlson (In re Prop. Seized for Forfeiture from Bitcoin Depot Operating, LLC), 21 N.W.3d 157, 164 (Iowa 2025) (holding for Bitcoin Depot; general awareness of scams does not establish sufficient reason to know of duress).
 
                                                            -6-
 
            In conclusion, the Court finds that Athena is the rightful owner of the funds, and therefore the motion to return seized property to Courtemanche is denied.
ORDER
            For the foregoing reasons, it is hereby ORDERED that the Commonwealth's Motion to Return Seized Property is DENIED and that the $30,100.00 currently in the custody of the Franklin police department is to be transferred to Athena.
/s/Mark A. Hallal
Justice of the Superior Court
September 8, 2025