STATE OF CONNECTICUT v. ANONYMOUS (1979–3)*

APPELLATE SESSION OF THE SUPERIOR COURT

---

* Thus entitled, in view of General Statutes § 54-142a.

David M. Shea, J. The trial court found the defendant guilty of a violation of § 14-137-1 of the regulations of the commissioner of motor vehicles, which pertains to radar detection devices and which was issued under the authority of General Statutes § 14-137 (a).[1] From that judgment the defendant has appealed on the grounds that (1) the complaint was defective in charging the offense; (2) the regulation itself was invalid for various reasons; (3) his motion for return of the alleged radar detection device was improperly denied; and (4) there was insufficient evidence to support the finding that the defendant was guilty of violating the regulation. Since our disposition of the appeal on the third and fourth grounds will not necessitate a retrial, where the same questions might have arisen once more, we shall not consider the first and second grounds.

The defendant introduced no evidence at the trial. The state offered the testimony of a police officer who said that on the date of the alleged violation he was driving east in a police cruiser when he observed an automobile proceeding west. He noticed a black object mounted on the dashboard below the rear view mirror of the automobile. After seeing this object he turned his cruiser around and followed the vehicle. He signaled for it to stop, as it did, and

---

[1] General Statutes § 14-137 (a) provides as follows: "The commissioner may make, alter or repeal regulations governing the administration of all statutes relating to motor vehicles, and may certify any device or accessory which forms part of any motor vehicle, or of its equipment, as to its compliance with the provisions of this chapter. The commissioner may also limit the use of any device or accessory in any way which appears to him to be required for safety, may authorize the use of any such device or accessory upon the highway and may make, alter or repeal any regulation relating to any such device or accessory in the interest of public safety."

then approached the vehicle, which the defendant was operating. The officer observed the object, which appeared to be a black metal box bearing the inscription "Super Snooper." Two control knobs with markings "vol," "set," and "off," were located on the front of the box beneath a translucent panel bearing the words "check speed." A wire with a plug which would fit into a cigarette lighter was attached to the box, which was mounted on an aluminum frame on the dashboard. Relying upon his training and experience, the officer believed that the box was a radar detection device. He caused the object to be seized and taken into police custody and he issued a summons and complaint charging the defendant with "poss. of radar detection device § 14-137-1."

Section 14-137-1 of the motor vehicle regulations provides as follows: "No device designed to give advance information to a motorist of the use of a radar speed-indicating instrument in the area of the highway which such motorist is approaching may be installed or used in any motor vehicle operating on the highways of Connecticut." It is clear that the regulation prohibits only the installation or the use of a radar detection device in a motor vehicle operating upon a highway in this state.[2] Unlike some of the statutes which prohibit certain equipment upon motor vehicles, the regulation does not expressly forbid the operation on a highway of a motor vehicle containing such a device. Cf. General Statutes § 14-82 (free-wheeling devices); § 14-80 (h) (ball joint bushings); § 14-96q (lamp restrictions). It does not ban the mere possession of such a device in a motor vehicle. See General Statutes §§ 29-38, 53-205. Since the regulation is penal in nature it must be strictly construed and

[2] For a similarly worded prohibition pertaining to television in motor vehicles, see General Statutes § 14-105.

cannot be extended by presumption or intendment. *State* v. *Moore,* 158 Conn. 461, 465. We cannot adopt the view of the state that the regulation applies to the operation of a motor vehicle in which a radar detector has been installed or to the possession of such a device in a motor vehicle used on a public highway. A penal regulation "must be sufficiently explicit to inform those who are subject to it of the conduct which it penalizes." Ibid.

The defendant was tried upon a substituted information charging him with "possession of installed radar detection device"[3] in violation of the regulation. Although the defendant questions the sufficiency of the evidence to prove that the box introduced in evidence was. in fact "designed to give advance information to a motorist of the use of a radar speed-indicating instrument"; Regs., Conn. State Agencies § 14-137-1; we conclude that the testimony of the police officer that he had received some training which familiarized him with such devices was a sufficient basis for his opinion that the object before the court was in fact a radar detector. There was, however, no evidence that the defendant had installed the device or directed its installation or that he owned or regularly operated the car in which it was installed. The evidence also failed to establish that the defendant had been using the device. The officer was unable to remember whether it was plugged into the cigarette lighter receptacle. An admission by the defendant that there was a defect in the device and that it would be set. off as he passed by a power line or an airport is not sufficient to prove that the defendant had used

---

[3] We may overlook the deficient statement of the charge in the substitute information in view of the failure of the defendant to request a statement of the essential facts claimed to constitute the offense in accordance with Practice Book, 1963, § 2033. See Practice Book, 1978, § 625.

the device while driving upon a public highway of this state. The evidence presented at the trial was, therefore, inadequate to prove either installation or use of the device by the defendant.

With respect to the denial of his motion for return of the radar detector taken from the defendant, the state claims that the device is "contraband," which is excepted from the operation of General Statutes § 54-36a (c),[4] which generally requires that property seized in a criminal proceeding be returned to the owner after the final disposition of the proceeding. The statute defines "contraband" as "any property, the possession of which is prohibited by any provision of the general statutes." General Statutes § 54-36a (a). In view of our interpretation of the regulation as inapplicable to the mere possession of a radar detector, the forfeiture ordered by the court was erroneous. Although his motion was premature because of his intention of appealing, the defendant would be entitled to the return of his property as soon as is practical after the final disposition of this case upon a proper motion.

There is error, the judgment is set aside and the case is remanded with direction to render a judgment of not guilty.

In this opinion A. HEALEY and PARSKEY, Js., concurred.

---

[4] General Statutes § 54-36a (c) provides: "Unless such seized property is adjudicated a nuisance in accordance with section 54-33g, or unless the court finds that such property shall be forfeited or is contraband or a controlled substance as defined in subdivision (9) of section 19-443, it shall, at the final disposition of the criminal action or as soon thereafter as is practical, or, if there is no criminal action, at any time upon motion of the prosecuting official of such court, order the return of such property to its owner within six months upon claim therefor." The state does not claim the benefit of any other exceptions contained in this provision.