[No. 9189-5-II.   Division Three.   August 6, 1987.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES MELVIN CARD, ET AL, *Defendants,* VIRGINIA ZURILDA CARD, *Respondent.*

782

*John W. Ladenburg, Prosecuting Attorney,* and *Barbara L. Corey–Boulet* and *Kathleen Proctor, Deputies,* for appellant.

*Robert W. Hamilton* and *Phillip J. French,* for respondent.

McINTURFF, C.J.*—Virginia Card pleaded guilty to second degree possession of stolen property. Upon her motion, the court ordered all remaining unclaimed personal property seized by the State, from the defendant's premises, be returned to the defendant.

The State contends, for the first time on appeal, the court erred when it did not conduct a hearing for return of the property under CrR 2.3(e) and *State ex rel. Schillberg v. Everett Dist. Justice Court,* 90 Wn.2d 794, 585 P.2d 1177 (1978). The State also contends the court improperly

---

*This case was heard by a panel of Division Three judges sitting in Division Two.

placed the initial burden of proof on the State to prove the property is stolen property. We hold CrR 2.3(e) does apply; compliance was not made and the initial burden of showing the property was stolen was properly placed on the State. We reverse and remand for proceedings consistent with this opinion.

Under search warrants, police seized items from the Cards' second–hand business located in their residence.[1] Five members of the Card family were charged with crimes, four pleaded guilty stating they knowingly possessed stolen property in excess of the dollar minimums for the degree of the crime charged.[2] The informations to which four members of the Card family pleaded guilty, listed specific items of property as stolen property.

The sheriff's office attempted to find the owners of the seized property, but much of it remained unclaimed.[3] Property specifically admitted by the defendants to be stolen is not included among the unclaimed property. Virginia Card moved for the return of all property that had not been claimed.

The first issue is whether the order directing return of property should be vacated because it does not comport with the guidelines of *State ex rel. Schillberg v. Everett Dist. Justice Court, supra.*

---

[1]Although the value of the property seized and claimed is not clear from the record, it is substantially in excess of the values covered by the guilty pleas.

[2]James Melvin Card pleaded guilty to first degree possession of stolen property. Virginia Card pleaded guilty to second degree possession of stolen property. James Martin Card pleaded guilty to third degree possession of stolen property. Joel Card pleaded guilty to second degree possession of stolen property. Jeffrey Card was convicted of first degree and second degree possession of stolen property.

[3]Video tape recordings of all the property were made and shown at local theaters with an appeal by the State to the public to come forward and claim the property. Additionally, the property was placed on public display and the State advertised to victims of crimes the opportunity to come forward and identify their property. Only a very small percentage of the property was identified as stolen.

A. Is the State precluded by RAP 2.5(a) from raising the applicability of CrR 2.3(e) for the first time on appeal?

■ RAP 2.5(a) provides:

**Errors Raised for First Time on Review.** The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction.

The applicability of a court rule may be raised for the first time on review. *Gross v. Lynnwood,* 90 Wn.2d 395, 397, 583 P.2d 1197, 96 A.L.R.3d 187 (1978); *Batten v. Abrams,* 28 Wn. App. 737, 742, 626 P.2d 984 (1981). RAP 2.5(a) is phrased to allow the court discretion to refuse to hear arguments raised for the first time on appeal—it says the court "may" refuse. Washington courts have allowed issues to be considered for the first time on appeal when fundamental justice so requires.[4] Thus, we shall consider the State's argument that the return of unclaimed property to the defendant would allow her to profit from her crime. We conclude public policy and fundamental justice require this court to review these issues.

B. Does CrR 2.3(e) govern the disposition of lawfully seized property after the property is no longer needed as evidence?

CrR 2.3 governs search and seizure. CrR 2.3(e) provides:

**Motion for Return of Property.** A person aggrieved by an *unlawful* search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is

---

[4]In *Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 339, 674 P.2d 1257 (1984), fundamental justice required review of an insurance clause to determine if it violated public policy. *See also* 2A L. Orland, Wash. Prac., *Rules Practice* § 2132, at 502 (3d ed. 1978).

lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

(Italics ours.)

We find little guidance on whether the procedure contemplated by CrR 2.3 applies to property *lawfully* seized under a warrant or on whether CrR 2.3 governs motions to return property after the property is no longer useful as evidence, *i.e.,* posttrial or following a guilty plea.

█ Court rules are subject to the same principles of statutory construction as statutes, including the rule that language clear on its face does not require or permit any construction. *State v.' McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). Although the wording of CrR 2.3(e) explicitly refers to "unlawful" seizures of property, the comments to the rule state the rule supersedes a statute, repealed in 1984, that governed disposition of property lawfully seized.[5] Federal law interprets the federal counterpart of the rule to apply to lawfully seized evidence as well

---

[5]*State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 800 n.1 recognized that a different rule applied to property seized by aid of a warrant, former RCW 10.79.030, which provided:

> When any officer in the execution of a search warrant shall find any stolen or embezzled property, or shall seize any other things for which a search is allowed by RCW 10.79.010 through 10.79.030, all the property and things so seized, shall be safely kept by the direction of the court or magistrate, so long as shall be necessary for the purpose of being produced in evidence on any trial, and as soon as may be afterwards, all such stolen and embezzled property shall be restored to the owner thereof, and all other things seized by virtue of such warrant shall be returned to the owner thereof if such may be legally done or shall be destroyed under direction of the court or magistrate.

The footnote goes on to state:

> The superior court criminal rules contain a provision identical to JCrR 2.10(e). Comments following it and the statute state that the rule supersedes the statute. This comment, like the one we had under consideration in *State v. Cummings*, 87 Wn.2d 612, 555 P.2d 835 (1976), is erroneous. There is no conflict between the statute and the rules. *One governs the disposition of property taken legally by aid of a search warrant, and the other pertains to the*

as unlawfully seized evidence. *United States v. Wright*, 610 F.2d 930 (D.C. Cir. 1979).

A motion for return of property made after an information is filed is treated as a motion to suppress. 12 R. Ferguson, Wash. Prac., *Criminal Practice* § 2305, at 444 (1984). However, a motion for return of property may be made at any time, including after a determination of guilt. 12 R. Ferguson, § 2305.

Finding the comments to CrR 2.3(e) and federal precedent persuasive, we hold the CrR 2.3(e) procedure is applicable here.

■ *State ex rel. Schillberg v. Everett Dist. Justice Court, supra,* construed JCrR 2.10(e), which has the same wording as CrR 2.3(e). Here, the court described the procedure contemplated by CrR 2.3(e) as encompassing an evidentiary hearing in which the State and the claimant of the property would introduce evidence on the issue of which party had the better claim to possession of the property. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 796–98. There, both the State and the claimant of the property submitted affidavits which comprised the only evidence before the court. The court's description of the procedure contemplated by JCrR 2.10(e) (to include an evidentiary hearing) is applicable to CrR 2.3(e) by analogy. Therefore, CrR 2.3(e) requires an evidentiary hearing.

Here, a hearing was held on the motion to return the property. The State submitted a memorandum in support of the State's retention of stolen property. The defendant submitted a memorandum in opposition to the State's retention of property. No affidavits were offered by either the State or the defendant, nor was other evidence taken at the hearing in the form of testimony. Since we find an evidentiary hearing is required under CrR 2.3(e), the proce-

*claimant's right to have illegally seized property suppressed and/or returned to him.*

(Italics ours.)

RCW 10.79.030 was repealed by Laws of 1984, ch. 76, § 35, p. 465. The comments to CrR 2.3 state that the rule supersedes RCW 10.79.010 and .030.

dure used here was defective. Therefore, this case must be remanded to the superior court for a proper CrR 2.3(e) hearing.

Although we find the procedure used here was defective, we still address the State's contention that the court, in the hearing for return of property, used an improper rule of law which wrongfully placed the initial burden of proof on the State. The State argues Virginia Card's plea of guilty to possession of stolen property and the circumstances of the seizure of the property are sufficient to place the initial burden of proof on Virginia Card to show that she is entitled to possession of the property.

Finding of fact 7 states:

> The State of Washington, through law enforcement officers of the City of Tacoma and the County of Pierce are currently in possession of personal property which has neither been claimed as stolen by members of the general public or proven to be fruits of criminal activities in a Court of law.

The court concluded:

> I.
>
> Possession of personal property, under a claim of right, is evidence of ownership as against all the world except the true owner.
>
> II.
>
> Absent any cognizable claim of ownership or right to possession adverse to the defendant, Virginia Zurilda Card, the property currently held by the State of Washington shall be returned to the defendant, Virginia Zurilda Card.

The State argues *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 797–98 places the burden on the person moving for return of property taken in an unlawful search and seizure to prove not only that the search and seizure was illegal, but that he is lawfully entitled to possession of the property seized.

However, the State's argument ignores the language in *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 796, indicating the State had made a substantial

showing that the merchandise, or a part of it at least, had been stolen. There, the defendant made a motion for release of the property seized when he was arrested. The motion was accompanied by an affidavit of his attorney which stated his client advised him the items taken were legitimately in his possession, that he legitimately paid for such items and demanded their return. By affidavit also, one of the arresting officers stated that a man who had been observed taking merchandise from a store without paying for it was seen entering a vehicle bearing the description and license number of the defendant's car; boxes were seen in the vehicle later that day, bearing tags of the store from which the merchandise had been taken. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 795–96. The court stated that a *substantial showing had been made that the merchandise, or a part of it at least, had been stolen* and pointed to the absence of any affidavit by the defendant stating the facts upon which he claimed a right to possession and the conclusory nature of the affidavit by defendant's attorney. The court concluded there was good reason to believe the property may have been stolen and any doubts were not resolved by the affidavit of the defendant's attorney. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 801. The court held JCrR 2.10(e) contemplates that a claimant by his own testimony or affidavits will show the court sufficient facts to convince it of his right to possession, and if such a showing is not made, the motion must be denied. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 801. Therefore, the language cited by the State from *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 797–98 does not persuade us that the claimant has the initial burden of proof.

We find no law in Washington dealing directly with who has the *initial* burden of proof in a claim for possession of property legally seized after trial or plea of guilty. Cases from other jurisdictions provide some general guidance. A party from whom things are seized retains a protectable

property interest in the seized materials. *Warden v. Hayden*, 387 U.S. 294, 307–08, 18 L. Ed. 2d 782, 87 S. Ct. 1642 (1967); *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980); *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979). Lawful seizure of property may affect the timing of return, but never the owner's right to eventual return. *United States v. Hubbard, supra* at 303. A finding that much of the property seized under a warrant was intended for use in further breaking and entering did not authorize denial in toto of defendant's motion to return. *State ex rel. Ricci v. Gottschalk*, 115 R.I. 90, 341 A.2d 45, 46 (1975).

Virginia Card cites *United States v. Palmer*, 565 F.2d 1063 (9th Cir. 1977), where the court reversed a district court decision denying the return of money and personal effects confiscated by the government. In *Palmer*, at 1064, the defendant had been convicted of bank robbery. Money was seized from the defendant at the time of his arrest and placed in evidence at his trial. There was no evidence the money was the property of the bank robbed.

> [I]n absence of any cognizable claim of ownership or right to possession adverse to that of appellant, the district court should have . . . returned to him the money taken from him by government seizure.

*Palmer*, at 1065. This decision was made despite Mr. Palmer's conviction of stealing approximately $2,500 from a bank 9 days before his arrest with the money. *Palmer*, at 1064 n.3.[6]

In *United States v. Wright, supra*, officers seized $2,100 in a drug raid under a warrant. The charges were dropped

---

[6]In *Palmer*, at 1064 n.1, the court noted that existing statutes do not discriminate between grounds to support a motion to return seized things and grounds for a motion to suppress, yet plainly there is a great different. *Palmer*, at 1064 n.1 indicates that in most, if not all circumstances, the legality of the search or seizure is irrelevant to a motion to return the property. If possession of the things seized is unlawful, the State should retain the things no matter how it got them. *Palmer*, at 1064 n.1. If stolen goods are involved and the true owner is on hand with undisputed evidence of title, he should have them restored to him no matter how the State got them. *Palmer*, at 1064 n.1.

and the defendants moved for return of the money. *Wright,* at 932. At a hearing on the motion to return the property, a seizing officer testified he took the money from defendants' person and apartment. The defendants did not testify, basing their claim of ownership on the officers' testimony and argument that the government had not met its burden to show the money was contraband or proceeds of a crime. *Wright,* at 934. *Wright,* at 939, rejected the government's contention that defendants have an obligation to prove they are entitled to the money. The court held seizure of property from someone is prima facie evidence of that person's entitlement, particularly when the seized property is money. Unless there are serious reasons (presented by the government or adverse claimants) to doubt a person's right to property seized from him, he need not come forward with additional evidence of ownership.[7]

A procedural rule of court cannot be used to take away substantive rights. *State v. Fleming,* 41 Wn. App. 33, 36, 701 P.2d 815 (1985). Here, to apply the State's interpretation of CrR 2.3(e) and impose the *initial* burden to show right of possession on the person claiming property seized under a search warrant would be to impact the claimant's protectable property interest in the seized materials. The approach of the federal court in *Wright* protects the claimant's property interest by placing the burden initially on the State to show the seized property is fruit of a crime.

We hold the initial burden of proving seized materials are stolen property is on the State. We interpret the "substantial showing" from *State ex rel. Schillberg v. Everett Dist. Justice Court, supra,* which the State is required to make to require the State to prove by a preponderance of the evidence that the property is stolen property. This proceeding is in the nature of a replevin action. It is conceded the State seized this property from the defendants. Once

---

[7]*Wright,* at 941–42, stated that guilty pleas to drug charges based on offenses occurring *after* the search and seizure did not establish that the money was fruit of a narcotics sale.

that concession is made, the burden is on the State to prove a greater right of possession than the defendants. Thus, the burden is properly on the State.

A showing by the State that the Card family pleaded guilty to possession of stolen property in excess of a stated dollar amount does not shift the burden of proof to the persons from whom the property was seized because property worth considerably more than the dollar amount stated in the guilty pleas has been seized. Additionally, introduction of the circumstances under which the property was seized in a residence when the residence is also the location of the claimant's second–hand business is not sufficient to shift the burden of proof from the State because there were no circumstances argued which distinguish this property as stolen as opposed to inventory of a legitimate second–hand business.

Because the procedures outlined in CrR 2.3(e) and *State ex rel. Schillberg v. Everett Dist. Justice Court, supra,* were not followed, this case is reversed and remanded for a CrR 2.3(e) hearing. Only if the State can make a substantial showing that the merchandise, or at least a significant part of it, is stolen, will the claimant be required to show the court sufficient facts of her right to possession. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 801.

The judgment of the Superior Court is reversed; this case is remanded for proceedings consistent with this opinion.

GREEN and MUNSON, JJ., concur.