[No. 13294-0-II.    Division Two.    April 2, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ALAWAY, *Appellant*.

*Thomas A. Copland* and *Copland & Micheau,* for appellant.

*Michael Sullivan, Prosecuting Attorney,* and *James A. Conley, Deputy,* for respondent.

MORGAN, J. — James Alaway appeals an order forfeiting to the Pacific County Sheriff property that he used for growing marijuana. We reverse.

Alaway was arrested on October 6, 1988, after deputies uncovered his large marijuana growing operation. At that time, the deputies seized a substantial amount of equipment and personal property as evidence. The seized property included a tool chest, handsaw, handtruck, several propane tanks, pumps, barrels, garbage cans, $CO_2$ tanks, a carpenter's square, fans, grow lights, peat pots, a ladder, electric heaters, timers, switches, Mylar, humidifiers, weed sprayers, ventilators, metal pipe, personal photos, business cards, an address book, and a hand-carved pipe. It is undisputed that the seizure was authorized by a valid warrant.

On October 10, 1988, Alaway was charged with manufacturing marijuana. On February 17, 1989, he pleaded guilty and was sentenced. At that time, no action was taken with regard to forfeiture or return of the seized property.

On May 30, 1989, the State moved for an order forfeiting the property to the sheriff. Alaway objected and moved for return of all his property.

On July 27, 1989, the court heard both motions. The State argued that the court had inherent power to order how property used in criminal activity should be disposed of. It conceded that statutory forfeiture procedures had not been followed. *See* RCW 69.50.505.

At the conclusion of the hearing, the court orally ruled that it had "inherent power in a criminal case to order destruction or disposal of the property that was seized

which the State has established was used in criminal activity." It entered a written order confiscating most of the property.[1]

The issue on appeal is whether the court erred by denying the defendant's motion for return of property and, conversely, by granting the State's motion to retain and sell the property. In Washington, CrR 2.3(e)[2] governs motions for the return of illegally seized property and also motions for the return of lawfully seized property no longer needed for evidence. *State v. Marks*, 114 Wn.2d 724, 790 P.2d 138 (1990); *State v. Pelkey*, 58 Wn. App. 610, 794 P.2d 1286 (1990); *State v. Card*, 48 Wn. App. 781, 741 P.2d 65 (1987). CrR 2.3(e) does not set forth any criteria for determining when the State has a superior right of possession. According to federal authority,[3] a court may refuse to return seized property no longer needed for evidence only if (1) the defendant is not the rightful owner; (2) the property is contraband; or (3) the property is subject to forfeiture pursuant to statute. *See, e.g., United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979); *United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir. 1979); *United States v. Wilson*, 540 F.2d 1100, 1101 (D.C. Cir. 1976); *United States v. Brant*, 684 F. Supp. 421, 423 (M.D.N.C. 1988).

The State does not argue that Alaway is not the rightful owner of the property. He owned the property when the

---

[1]The court found that the hand-carved pipe, photos, business cards and the contents of the tool chest (except the crescent wrenches) had not been used in the marijuana growing operation. Thus, it ordered that they be returned to Alaway.

[2]CrR 2.3(e) provides:

"(e) **Motion for Return of Property.** A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information . . . it shall be treated as a motion to suppress."

[3]When construing CrR 2.3(e), Washington courts have looked to federal cases for guidance. *E.g., State v. Marks*, 114 Wn.2d at 734; *State v. Card*, 48 Wn. App. at 789-90.

State seized it, and there are no third party claims against it.

The State does argue that Alaway was not entitled to return of the property because it was contraband. "Contraband" has been defined by the United States Supreme Court as an object, "the possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 14 L. Ed. 2d 170, 85 S. Ct. 1246, 1250 (1965); *see also Farrell*, 606 F.2d at 1344; *Davis v. Fowler*, 504 F. Supp. 502, 505 (D. Md. 1980). The fact that tools, building materials, and gardening supplies were used to grow marijuana does not cause possession of those items to be a crime. Therefore, the property in issue here was not contraband.

The State further argues even if the property was not contraband in and of itself, Alaway still was not entitled to its return because he used it to grow marijuana. Property that can be lawfully possessed but that the defendant has used as the instrumentality of a crime has been labeled "derivative contraband". *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. at 699; *Cooper v. Greenwood, Miss.*, 904 F.2d 302, 305 (5th Cir. 1990); *Farrell*, 606 F.2d at 1344. The federal courts agree that the owner of derivative contraband does not automatically lose his property interest, and that the government must follow proper forfeiture procedures to divest him of that interest. *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. at 699; *Cooper*, 904 F.2d at 305; *Farrell*, 606 F.2d at 1344; *Davis v. Fowler*, 504 F. Supp. at 505; *see also United States v. Wright*, 610 F.2d at 939; *Farrell*, 606 F.2d at 1345-46; *United States v. Lane Motor Co.*, 199 F.2d 495 (10th Cir. 1952), *aff'd*, 344 U.S. 630 (1953); *Brant*, 684 F. Supp. at 424. In conformance with these cases, we hold that the State cannot confiscate property merely because it is derivative contraband; but instead must forfeit it using proper forfeiture procedures.

Washington has a statutory forfeiture procedure. Materials and equipment used in manufacturing any controlled substance are subject to seizure and forfeiture. RCW 69.50-

.505(a)(2). Notice must be given within 15 days of seizure. RCW 69.50.505(c). If the property is personal property, one claiming an interest in it then has 45 days to respond, and if a response is made, a hearing must be held. RCW 69.50-.505(d), (e).

The State concedes that it did not comply with this statutory procedure. It argues, however, that Washington courts have inherent authority to order the forfeiture of property used in the commission of a crime, even without statutory authorization. In response, Alaway argues that Washington's forfeiture statute is exclusive and that unless statutory procedures are followed, a Washington court cannot order forfeiture.

█ █ Every jurisdiction that has considered the question has held that the power to order forfeiture is purely statutory.[4] *United States v. Farrell, supra; United States v. Lane Motor Co.*, 199 F.2d 495, 496 (10th Cir. 1952), *aff'd*, 344 U.S. 630 (1953); *Ghisolfo v. United States*, 14 F.2d 389 (9th Cir. 1926); *Davis v. Fowler*, 504 F. Supp. 502 (D. Md. 1980); *Brant*, 684 F. Supp. at 424; *State v. Anonymous*, 35 Conn. Supp. 659, 406 A.2d 6 (1979); *State v. One 1960 Mercury Station Wagon*, 5 Conn. Cir. Ct. 1, 240 A.2d 99 (1968); *People ex rel. Mosk v. Barenfeld*, 203 Cal. App. 2d 166, 21 Cal. Rptr. 501 (1962); *Utah Liquor Control Comm'n v. Wooras*, 97 Utah 351, 93 P.2d 455 (1939); *Prudential Ins. Co. v. Rice*, 222 Ind. 231, 236, 52 N.E.2d 624, 626 (1944). The only case to arise in Washington is in accord. *United States v. Two Hundred and Sixty-Seven Twenty-Dollar Gold Pieces*, 255 F. 217 (W.D. Wash. 1919). Scholarly authorities also establish that the United States has never had a common law of forfeiture, and that since colonial times, forfeiture in this country has existed only by virtue of statute. Smith, *Modern Forfeiture Law and Policy: A Proposal for Reform*, 19 Wm. & Mary L. Rev. 661 (1977-1978); Finkelstein, *The Goring Ox: Some Historical Perspectives on Deo-*

---

[4]The lone exception is *Lipscomb v. Stewart*, 436 F. Supp. 863 (S.D. Ala. 1977), but it was reversed by the Court of Appeals, without opinion, in 578 F.2d at 869 (5th Cir. 1978). *See United States v. Farrell*, 606 F.2d 1341 (D.C. Cir. 1979).

*dands, Forfeitures, Wrongful Death and the Western Notion of Sovereignty*, 46 Temp. L.Q. 169, 183 (1972-1973) (in-depth history of law of forfeiture); *cf.* O.W. Holmes, *The Common Law* 34-35 (1881). In sum, there is no authority anywhere for the State's contention that the court had the inherent power to order forfeiture of Alaway's property because he used it in his marijuana growing operation, and we hold that RCW 69.50.505 provides the exclusive mechanism for forfeiting property of the type involved in this case. The State having failed to comply with that statute, Alaway is entitled to have his property returned.

Reversed.

PETRICH, C.J., and ALEXANDER, J., concur.

Review denied at 119 Wn.2d 1016 (1992).