[No. 40921-6-II.  Division Two.  December 18, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. LEROY RAYMOND
BRANDT, *Appellant*.

464

*Leroy Raymond Brandt Jr.*, pro se.

*Mark E. Lindquist, Prosecuting Attorney, Stephen D. Trinen, Deputy*, for respondent.

¶1 PENOYAR, J. — Leroy Raymond Brandt appeals the trial court's denial of his CrR 2.3(e) motion for the return of property law enforcement officers seized. Brandt filed the CrR 2.3(e) motion after a jury found him guilty of first degree trafficking in stolen property, first degree possession of stolen property, obstruction of a law enforcement officer, unlawful possession of a stolen vehicle, and two counts of bail jumping. Because Brandt consented to forfeit the seized property at issue absent proof of his ownership in a related guilty plea agreement that he does not challenge in this appeal, we affirm.

## FACTS

¶2 On May 2, 2008, Pierce County Sheriff's Deputy Kelly Carolus responded to a report of stolen items that the victim had located on Brandt's property. Carolus arrested Brandt and placed him in his patrol vehicle, but Brandt escaped from the patrol vehicle and ran away. Brandt was arrested two days later.

¶3 The State charged Brandt with first degree trafficking in stolen property, first degree possession of stolen property, obstruction of a law enforcement officer, unlawful possession of a stolen vehicle, and two counts of bail jumping under Pierce County Superior Court cause number

08-1-02151-5. After a jury convicted Brandt on those charges but before the trial court sentenced him, Brandt entered into a combined plea agreement with the State, under which Brandt would plead guilty to unlawful possession of a stolen vehicle under Pierce County Superior Court cause number 08-1-05887-7 and would plead guilty to unlawful possession of a stolen vehicle and unlawful possession of a controlled substance (methamphetamine) under cause number 08-1-01076-9.

¶4 Brandt's plea agreement included a provision that he "forfeit all property seized by law enforcement that [he] cannot provide legal documentation as to ownership." Clerk's Papers at 123. The plea agreement also provided that the State would recommend that Brandt serve his sentences concurrently with his sentence for his conviction under cause number 08-1-02151-5. On January 2, 2009, the trial court accepted the State's recommendation as provided in the plea agreement and simultaneously sentenced Brandt under all three cause numbers. The trial court's judgment and sentences under all three cause numbers incorporates Brandt's stipulation as to the seized property.

¶5 On April 29, 2010, Brandt filed a CrR 2.3(e) motion for the return of seized property. At a hearing on Brandt's motion, the trial court orally denied the motion, reasoning that Brandt had failed to provide any proof that he owned the seized property as his judgment and sentence required. The trial court entered a written order denying Brandt's motion on December 22, 2010. Brandt timely appeals the trial court's denial of his CrR 2.3(e) motion for the return of seized property.

## ANALYSIS

¶6 Brandt contends that the trial court erred by denying his CrR 2.3(e) motion for the return of seized property because it improperly placed the burden on him to provide proof that he lawfully owned the seized property. We disagree.

¶7 CrR 2.3(e) provides:

A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

■■ ¶8 Although CrR 2.3(e) refers to "illegally seized" property, Washington appellate courts have held that CrR 2.3(e) also governs motions for the return of "lawfully seized property no longer needed for evidence." *State v. Alaway*, 64 Wn. App. 796, 798, 828 P.2d 591 (1992). At an evidentiary hearing addressing a CrR 2.3(e) motion, the State bears the initial burden to show its right to possess the seized property. *State v. Marks*, 114 Wn.2d 724, 735, 790 P.2d 138 (1990); *State v. Card*, 48 Wn. App. 781, 791, 741 P.2d 65 (1987). If the State meets this burden, then the claimant "must come forward with sufficient facts to convince the court of his right to possession. If such a showing is not made, it is the court's duty to deny the motion." *Marks*, 114 Wn.2d at 735.

■ ¶9 Here, the State met its initial burden to show its right of possession by presenting the trial court with Brandt's judgment and sentence reflecting the stipulation in his plea agreement that provided he would forfeit his right to all the seized property absent documentation proving that he was the rightful owner. And Brandt does not challenge the plea agreement in this appeal. Thus, contrary to Brandt's contention, the trial court did not improperly shift the burden to him to prove ownership. And, because Brandt failed to present the trial court with any evidence showing his right to possess the seized property, the trial court properly denied his CrR 2.3(e) motion.

¶10 We affirm.

WORSWICK, C.J., and QUINN-BRINTNALL, J., concur.