FILED
COURT OF APPEALS
DIVISION II

2014 APR 29 AM 8: 46

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44474-7-II |
| Respondent, | |
| v. | |
| JUAN CARLOS PARRA-INTERIAN, | UNPUBLISHED OPINION |
| Appellant. | |

HUNT, J.— Juan Carlos Parra-Interian appeals the trial court's denial of his CrR 2.3(e) motion for return of property seized in connection with his 2012 prosecution for solicitation to commit first degree murder and conspiracy to commit first degree murder. We remand for an evidentiary hearing to determine who has the right to possess the properties at issue.

## FACTS

Juan Carlos Parra-Interian appeal of his jury convictions is currently pending in No. 43432-6-II. Meanwhile, he filed a pro se Motion for Order to Return Property Illegally Seized during execution of a search warrant by the Kelso Police Department, asserting that (1) the warrant was invalid because it did not specify the place to be searched; and (2) in addition to the items listed on the search warrant, the police had seized $8,700 in cash and impounded four vehicles. But he did not appear at his December 13, 2012 motion hearing, at which the State informed the trial court that all the property Parra-Interian asked to be returned "was either forfeited or admitted as evidence at trial." Report of Proceedings (RP) (Dec. 13, 2012) at 1.

No. 44474-7-II

The trial court denied Parra-Interian's motion for return of property, entering an order

that stated:

> Any property that was forfeited in the forfeiture proceedings or is still subject of
> such a process is not within the Court's review. Any property that was offered or
> admitted as evidence in this case is to be retained until the conclusion of the
> appellate process.

Clerk's Papers (CP) at 21. Parra-Interian appeals this order.[1]

ANALYSIS

Parra-Interian argues that the trial court erred in denying his CrR 2.3(e) motion for return

of property without first conducting an evidentiary hearing. The State responds that *State v.*

*Marks*[2] requires an evidentiary hearing only where the parties dispute whether the defendant had

a lawful ownership interest in the property. We agree with Parra-Interian that CrR 2.3(e)

requires an evidentiary hearing to resolve the dispute about who has a lawful interest in the

property that he seeks to have returned to him.

CrR 2.3(e) allows a motion for the return of property no longer needed for evidence or

illegally seized during an unlawful search. *State v. Alaway*, 64 Wn. App. 796, 798, 828 P.2d

591, *review denied*, 119 Wn.2d 1016 (1992). Such a motion may be brought after a

determination of guilt. *State v. Card*, 48 Wn. App. 781, 786, 741 P.2d 65 (1987). On the filing

of a CrR 2.3(e) motion for return of property:

---

[1] A commissioner of this court initially considered Parra-Interian's appeal as a motion on the
merits under RAP 18.14 and then referred it to a panel of judges.

[2] *State v. Marks*, 114 Wn.2d 724, 735, 790 P.2d 138 (1990).

2

1. An evidentiary hearing is required under CrR 2.3(e) where the State and the defendant can offer evidence of their claimed right to possession;

2. The purpose of this hearing is to determine the right to possession as between the State and the defendant;

3. *The State has the initial burden of proof to show right to possession*;

4. Thereafter, the defendant must come forward with sufficient facts to convince the court of his right to possession. If such a showing is not made, it is the court's duty to deny the motion.

*Marks*, 114 Wn.2d at 735 (emphasis added).

Here there is a dispute about who has the right to possess the property. The State claims some of the property has already been forfeited and that it retains the right to possession of the unforfeited property while Parra-Interian's appeal is ongoing; the State, however, has filed no declarations in support of its assertions of prior forfeiture and right to possession, even though it has the burden to show its right to possession. *See Card*, 48 Wn. App. at 786.

A court may refuse to return seized property no longer needed for evidence *only* if (1) the defendant is not the rightful owner; (2) the property is contraband or (3) the property is subject to forfeiture pursuant to statute.

*City of Walla Walla v. $401,333.44*, 164 Wn. App. 236, 244, 262 P.3d 1239 (2011) (emphasis added) (quoting *City of Walla Walla v. $401,333.44*, 150 Wn. App. 360, 367, 208 P.3d 574 (2009)). Thus, an evidentiary hearing is required before the trial court can deny Parra-Interian's CrR 2.3(e) motion for return of property. Accordingly, we remand for such an evidentiary

No. 44474-7-II

hearing.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Hunt, J._

We concur:

_Johanson, A.C.J._

_Melnick, J._

---

[3] In light of this disposition, we need not address Parra-Interian's Statement of Additional Grounds filed under RAP 10.10.