FILED
COURT OF APPEALS
DIVISION II

2014 NOV 18 AM 10: 04

STATE OF WASHINGTON
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44815-7-II |
| Respondent, | |
| v. | |
| SHERMAN ROBERTS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Sherman Roberts appeals his convictions of rape of a child in the third degree and child molestation in the third degree. He argues that the trial court should have granted his motion to dismiss after the State asked a witness an objectionable question about Roberts's uncharged sexual misconduct. We disagree and hold that the trial court did not abuse its discretion in denying his motion to dismiss. Roberts also claims that the trial court acted without statutory authority when it ordered forfeiture of any property in law enforcement's possession. We agree and hold that the trial court erred in ordering forfeiture in the absence of any statutory authority. Accordingly, we affirm Roberts's convictions but remand to strike the forfeiture provision from his judgment and sentence.

## FACTS

In January 1990, Roberts pleaded guilty to two felony sex offenses committed against AB, who at the time of the offenses was his twelve year old step-daughter. In April 1992, AB disclosed to her school nurse that Roberts was again sexually abusing her. Following an

investigation, the State charged Roberts with two counts of rape of a child in the third degree and one count of child molestation in the third degree. Roberts then disappeared until he was apprehended in Texas in 2012 and brought to trial.

During Roberts's cross-examination of AB's mother, Roberts sought to impeach AB's testimony regarding Roberts's conduct by introducing evidence that the 1990 convictions ensued after he turned himself into the police following a meeting AB's mother had with AB, two of AB's friends, and one of the friend's mother. AB's mother described being shocked at what the girls told her. During the State's redirect examination, the prosecutor asked, "And you found out that the defendant may have exposed himself to them; is that correct?" Report of Proceedings at 212. The trial court sustained Roberts's objection and AB's mother did not answer the question.

Roberts moved for dismissal based on prosecutorial misconduct. Roberts explained that he was not seeking a mistrial and did not want a curative instruction. The trial court denied the motion to dismiss, explaining that the question was objectionable but that the State had asked it in good faith and was not intentionally violating the trial court's earlier limitations on evidence of prior bad acts.[1] Roberts then conceded that the State may have been negligent in asking the question, but that it was not intentional misconduct.

The jury found Roberts guilty of all three counts. The trial court imposed standard range sentences, and as part of the judgment and sentence notified Roberts of the following:

> Property may have been taken into custody in conjunction with this case. Property may be returned to the rightful owner. Any claim for return of such property must be made within 90 days. After 90 days, if you do not make a claim, property may be disposed of according to law.

---

[1] During a preliminary hearing, the trial court limited the State's ability to present evidence of Roberts's prior misconduct.

Clerk's Papers (CP) at 119. Below this, the trial court wrote in: "Forfeit any items seized by law enforcement." CP at 119. Roberts appeals his convictions and the forfeiture order.

ANALYSIS

A.    MOTION TO DISMISS

Roberts argues that the trial court abused its discretion in not granting his motion to dismiss under CrR 8.3(b) based on the prosecutor's question about uncharged sexual misconduct. As noted above, trial counsel specifically asked for dismissal, not for a mistrial, and refused any curative instructions. Therefore, our review is limited to whether the trial court erred in denying the motion to dismiss. We hold that the trial court did not err.

CrR 8.3(b) provides that the trial court "may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial."[2] To support dismissal under CrR 8.3(b), the defendant must show by a preponderance of the evidence both (1) arbitrary action or governmental misconduct, and (2) actual prejudice affecting the defendant's right to a fair trial. *State v. Rohrich*, 149 Wn.2d 647, 654, 658, 71 P.3d 638 (2003); *State v. Wilson*, 149 Wn.2d 1, 9, 65 P.3d 657 (2003). Significantly, dismissal under CrR 8.3(b) is an extraordinary remedy that is improper except in truly egregious cases of misconduct that materially prejudice the rights of the accused. *State v. Moen*, 150 Wn.2d 221, 226, 76 P.3d 721 (2003). The trial court should dismiss under CrR 8.3(b) only as a "last resort." *Wilson*, 149 Wn.2d at 12.

---

[2] CrR 8.3(b) allows dismissal on motion of the court rather than on the defendant's motion. However, the State does not argue that CrR 8.3(b) is inapplicable here, so we do not address this issue.

We review a trial court's decision on a motion to dismiss for a manifest abuse of discretion. *State v. Everybodytalksabout*, 145 Wn.2d 456, 39 P.3d 294 (2002). The trial court abuses its discretion if the decision is manifestly unreasonable or is based on untenable grounds. *Rohrich*, 149 Wn.2d at 654.

We find no manifest abuse of discretion here. First, the alleged misconduct was not "egregious." As the trial court pointed out, the State merely asked one objectionable question on an issue in which the State argued that Roberts had opened the door. Second, Roberts cannot show *actual* prejudice. Roberts quickly objected to the State's question, and the jury never heard the answer. In addition, the trial court instructed the jury to consider only the evidence, not the statements or remarks from counsel. "We presume that juries follow all instructions given." *State v. Stein*, 144 Wn.2d 236, 247, 27 P.3d 184 (2001). Because AB's mother did not answer the State's question, under the trial court's instructions there was no evidence of prior sexual misconduct admitted for the jury to consider.

Roberts claims that the prosecutor's statement affected the entire trial such that the jury could not render a fair verdict. We disagree. The jury heard about Roberts's prior convictions for molesting AB. It heard how the sexual abuse continued, even while Roberts was prohibited from any contact with AB. And it heard that AB wanted the abuse to stop and finally reported what Roberts was doing. Given this evidence, it was not an abuse of discretion for the trial court to conclude that a question implying that Roberts may have exposed himself in front of AB and her friends three years earlier did not establish actual prejudice.

We hold that the trial court's decision to deny the CrR 8.3(b) motion to dismiss was not an abuse of discretion. Therefore, we affirm Roberts's convictions.

B.    FORFEITURE OF SEIZED PROPERTY

Roberts argues that the trial court acted without statutory authority when it ordered forfeiture of all property law enforcement seized. We agree.

A trial court has no inherent power to order forfeiture of property in connection with a criminal conviction. *State v. Alaway*, 64 Wn. App. 796, 800, 828 P.2d 591 (1992). The authority to order forfeiture of property as part of a judgment and sentence is purely statutory. *Alaway*, 64 Wn. App. at 800. We review de novo whether the trial court had statutory authority to impose a sentencing condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Here, the trial court did not provide any statutory authority for its forfeiture order. The State also does not attempt to argue that the trial court had statutory authority to forfeit seized property. Accordingly, we have no basis upon which we can affirm the trial court's order.

The State argues that CrR 2.3(e) allows a defendant to move at any time for the return of seized property, and that Roberts failed to do so. But CrR 2.3(e) does not provide any statutory authority for forfeiture of seized property. And even if CrR 2.3(e) somehow authorized forfeiture, that rule applies only to property seized in an *unlawful* search. There is no indication that any property here was seized in an unlawful search.

The State relies on *State v. McWilliams*, in which we held that the trial court did not abuse its discretion in ordering the forfeiture of seized property. 177 Wn. App. 139, 152, 311 P.3d 584 (2013), *review denied*, 179 Wn.2d 1020 (2014). However, in that case the defendant apparently did not argue that the trial court had no statutory authority to forfeit seized property. Instead, the defendant argued that the trial court *exceeded* its statutory authority by ordering

forfeiture without procedural due process. *McWilliams*, 177 Wn. App. at 149. We noted that the ability to move for return of the property under the provisions of his judgment and sentence and under CrR 2.3(e) afforded him due process. *McWilliams*, 177 Wn. App. at 150-51. In addition, we pointed out that the defendant had not even asserted a possessory interest in the property. *McWilliams*, 177 Wn. App. at 152. But we did not hold that the trial court could order forfeiture in the absence of statutory authority.

We hold that the State has not shown that the trial court had statutory authority to order forfeiture of the seized property. Therefore, the trial court erred in ordering forfeiture and the forfeiture provision must be stricken from Roberts's judgment and sentence.

We affirm Roberts's convictions, but remand to strike the phrase "[f]orfeit any items seized by law enforcement" from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
BJORGEN, A.C.J.

_____
MELNICK, J.