# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82098-2-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOHN ALLEN HOLCOMB, | |
| Respondent. | |

BIRK, J. — The State appeals a superior court order directing it to destroy a computer hard drive that contains evidence of criminal acts and return it to John Holcomb. Holcomb concedes, and we agree, the motion was governed by CrR 2.3(e) and the trial court was required to conduct an evidentiary hearing to resolve the dispute about who has lawful interest in the property. Accordingly, we reverse the order and remand the matter for an evidentiary hearing.

## FACTS

In April 2020, the State filed multiple charges against Holcomb, including three counts of sexual exploitation of a minor. According to the certification for probable cause, the charges were based on sexually explicit digital evidence uncovered in a search of a computer hard drive owned by Holcomb pursuant to a search warrant obtained by the Skagit County Sheriff's Office.

Holcomb filed a motion to suppress the evidence and on September 29, 2020, while that motion was pending, the State filed a motion to dismiss the

charges, asserting that "further investigation was needed for the State to proceed in this matter." The same day, the trial court granted the motion and dismissed the charges without prejudice.

On October 29, 2020, Holcomb filed a one-page "Motion for Return of Property," seeking the return of the hard drive containing the digital evidence that was the basis for the charges. He requested that law enforcement "permanently disable the drive" before returning it. In a supporting affidavit, Holcomb's counsel claimed that, having dismissed the charges against Holcomb and "acknowledging the illegality of the search," the State had "no viable interest" in retaining the seized evidence.

The State filed a response to the motion, discussing CrR 2.3(e), which provides for motions to return property in criminal proceedings, and other relevant authority. The State argued that although Holcomb was the owner of the hard drive at issue, it had a "greater possessory interest because the property is contraband" and because the criminal case could be refiled at any time.[1]

On November 16, 2020, after hearing argument from the parties, the trial court entered an order requiring the hard drive to "be returned, in destroyed fashion, on or before November 30, 2020" to Holcomb. The trial court then denied the motion for reconsideration.

---

[1] It appears from the record that the United States has, in fact, subsequently filed a criminal indictment in federal court charging Holcomb with production of child pornography.

A commissioner of this court granted the State's motion for discretionary review under RAP 2.3(b)(2) (probable error that substantially alters the status quo or substantially limits the freedom of a party to act).[2]

## DISCUSSION

CrR 2.3(e)[3] governs motions for return of unlawfully seized evidence and also for the return of lawfully seized property no longer needed for evidence. State v. Alaway, 64 Wn. App. 796, 798, 828 P.2d 591 (1992). It is clear from the underlying motions that the parties dispute who has the right to possess the hard drive. In these circumstances, our Supreme Court has interpreted CrR 2.3(e) to require an evidentiary hearing to determine the right to possession as between the State and the defendant. State v. Marks, 114 Wn.2d 724, 734-35, 790 P.2d 138 (1990). At an evidentiary hearing addressing a CrR 2.3(e) motion, the State bears the initial burden to show its right to possess the seized property. Id. at 735. If the State meets this burden, then the claimant "must come forward with sufficient facts to convince the court of his right to possession. If such a showing is not made, it is the court's duty to deny the motion." Id.

---

[2] The trial court stayed the order directing the State to return the property pending resolution of the State's appeal.

[3] CrR 2.3(e) provides:

A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

Holcomb concedes that since the trial court granted his motion without conducting an evidentiary hearing, remand is required. His concession is well-taken. We reverse the trial court's order requiring the State to return the hard drive to Holcomb and remand the matter for an evidentiary hearing for the court to determine who has the right to possess the seized hard drive.[4]

*Birk, J.*

WE CONCUR:

*Smith, A.C.J.*    *Andrus, C.J.*

---

[4] The State additionally contends that returning a hard driving containing child pornography to the creator of those illegal images constitutes contraband that may not be lawfully returned to Holcomb under RCW 9.68A.170. The trial court should address this legal argument on remand.